Jan'y Term,                Bodley vs. Denmead, et. al.                1866.

# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

| 1 | 249 |
|---|-----|
| 40 | 706 |

Absent, HARRISON, J.*

## JAMES BODLEY *vs.* A. & W. DENMEAD, *et als.*

### January Term, 1866.

1. A stack erected in a building used as a pork-house, for the joint purposes of the pork-house and generating steam and running machinery in a distillery attached thereto, and which can be used as a distillery only in connection with the pork-house, must be regarded as a structure necessary to both establishments and as a part thereof, although the pork-house may be used independently of the distillery ; and a mechanic has a lien on both establishments for the construction of the stack, by virtue of the act of the General Assembly, passed February 2nd, 1853, for the benefit of the mechanics of *Wheeling*.

2. B. furnishes materials and erects a stack for a pork-house and distillery in the city of *Wheeling*, completing it on the 14th of March, 1857 ; the agent of H. & Co., (for whom he did the work,) on the 18th of the same month, gave B. a bill of exchange payable in sixty days, which not being paid was protested on the 21st of May, 1857 : on the 4th of June following, B. filed his petition, setting forth his claim, in a chancery suit then pending in the circuit court of *Ohio* county under the provisions of an act of the General Assembly of *Virginia*, passed February 2nd, 1853, giving to mechanics in the city of *Wheeling* a lien on buildings which they were erecting or had erected. HELD :

> That the acceptance of the bill of exchange, which matured and was protested before the expiration of three months from the completion of the work, was no waiver of the mechanics' lien provided by said act.

*A. & W. Denmead & Son*, partners in trade and machinists in the city of *Wheeling*, filed a bill in chancery in the circuit court of *Ohio* county, at the August rules, 1859, against *Michael Herr & Abraham H. Herr*, partners under the firm of *Michael Herr & Co.*, alleging that on the 5th day of July, 1856, they commenced the furnishing of certain materials to be used in the erection of certain distillery buildings in *Wheeling*, for the defendants, according to a contract previously made; and that they completed the same by the 26th day of

---

*He was absent on account of sickness, and the remaining judges called *N. Harrison*, judge of the IX circuit, to the bench.

January, 1857, to the satisfaction of the defendants; that the balance of their bill for such labor and material, (the erection of a steam engine and other fixtures) after deducting payments and credits, amounted to 1686 dollars and 16 cents; and alleged that they had a lien on the buildings of the distillery, by virtue of an act of the General Assembly of *Virginia*, passed February 2nd, 1853, entitled "an act to secure to mechanics and others, payment for work done and materials furnished in the erection of buildings in the city of *Wheeling* and county of *Ohio;*" they also alleged that they commenced this suit for the recovery of the amount before stated, within three months after the completion of said work—the writ being dated April 22nd, 1857, and that said distillery was located on certain described lots in the city of *Wheeling* claimed by other parties under deeds of fee simple and in trust, which they alleged were fraudulent.

Several other firms of the city of *Wheeling* filed claims, by petition, in this suit, on the 2nd day of June, 1857, claiming also a lien by virtue of the act of the General Assembly before mentioned.  On the 4th of June, 1857, the appellant, *James Bodley*, filed his petition in the clerk's office, according to the provisions of the act, alleging that on and prior to the 4th of March, 1857, he had at the special instance of *Michael Herr*, furnished materials for, and erected at his pork-house, called the "Old Dominion Pork-House," a large quantity of brick work commonly called a stack, the price of which was 489 dollars and 17 cents; that on the 19th of the same month, the petitioner had presented his bill for the material and work, and received, at the instance of the agent of *Herr*, a bill of exchange payable at *Herr's* place of business in *Baltimore* in sixty days thereafter; that *Herr* continued in possession of the pork-house property until about the 3rd of April following, when he failed in business and made a general assignment of his property and effects for the benefit of his creditors; and that said bill of exchange was never paid, but was duly protested for non-payment, on the 21st day of May, 1857, when it matured.  He claimed the benefit of the act giving mechanics a lien.

The cause was heard at the November term, 1858, when it was referred to a master to ascertain and report, 1st, As to the justness of the several claims: 2nd, To ascertain if the complainant's suit was instituted within three months after the performance of the work, and when the work was done; 3rd, To ascertain if the several demands and claims of the several parties were filed in the clerk's office within three months after the work was done and materials provided, severally; and also upon what building the same was done and furnished, and whether in building or reparing; and if so, how much either way and upon what order; and to ascertain how much of the ground on which said buildings are erected is essential to the use and occupation of the buildings severally; and also the uses and purposes for which said buildings are erected severally; and whether it is necessary for said buildings to be used in conjunction with each other or separately. *Abraham H. Herr*, filed his answer to the bill on the 24th of November, 1857, in which he alleged that, he believed that the claim of *A. & W. Denmead & Sons*, to be correct, but that no lien existed thereunder by virtue of the act as claimed by them, as the work done and materials furnished was done and performed under a contract dating August 5th, 1856; and that it was completed before the beginning of the year 1857. That all done after that time was mere repairs, and that no lien could attach for the same under the mechanics' act. He further answered that at and before the date of the contract with *A. & W. Denmead & Sons*, the said *Michael Herr* owned the lot of land mentioned in the bill, and then, and previously, had upon it a large and valuable brick building and out buildings, in which he carried on the business of slaughtering and packing pork, rendering lard, &c.; in the summer of 1856, he concluded to add the business of distilling upon the said premises and in connection with said other business. For this purpose he made some alterations in the large brick building, and added to the same and placed therein as also in said old building, additional machinery. That the old or large brick building with its appendages and

out buildings existing before the contract of August 5th, 1856, constituted the chief part in extent and value of the improvements in the said lots of ground; and that the addition was of comparatively insignificant value, and was in no sense a distinct building or capable of being used or occupied for any valuable purpose, except as an appendage to the large brick building; and he therefore claimed that, no lien could exist for the benefit of the plaintiffs, either in the large building or the addition. He also claimed the premises under a deed from *Michael Herr*, dated December 18th, 1856, and denied any fraud in said deed, as alleged in plaintiff's bill.

The commissioner filed his report in the clerk's office on the 17th day of May, 1859, whereby it appeared that there was due the appellant here, *James Bodley*, 494 dollars and 38 cents; and that the claim was filed in the clerk's office within three months after the furnishing the materials and the performance of the work; that the work was completed about the 10th of March, 1857, and was done upon the pork-house building in construction, by the order of *Michael Herr*. That the distillery was erected for the purpose of distilling grain into whiskey, and was used in connection with the pork-house, and could not be used for that purpose, as arranged, without the pork-house; that the distillery was so situated that it might be turned to some other use, and some other business carried on in it, and so be used exclusive of the pork-house; but for distilling purposes (as then operated,) it could not be used but in connection with the pork-house. The pork-house was erected for slaughtering and curing hogs, and could be used for that purpose independent of the distillery. He reported also that he regarded all work which was done on the buildings, as done in construction, except what was strictly renewing or mending work which had been previously made; and that when any part of the building had been torn down and built up on a larger scale, he regarded it as coming under the head of construction and not of repairs. The report was excepted to, as to *Bodley's* claim, because the same had been settled

COURT OF APPEALS OF WEST VIRGINIA.        253

Jan'y Term,          Bodley vs. Denmead, et. al.          1866.

by a bill of exchange drawn at sixty days'; and that the report did not show that the work was done in erecting a building, and was not therefore a lien.

The evidence taken by the commissioner proved that the appellant, *Bodley*, erected the stack, and that although the base or foundation of it was in the old or large brick building, the steam for the distillery was generated by the fire in it, and the machinery in the new building was operated by it; and that the distillery could not be used as such, except in connection with the pork-house.

- At the November term, 1859, the court rendered a decree disallowing and dismissing the appellant's claim, upon the ground that the work done by him was wholly upon the pork-house, and although conducing, and as essential to the use of the distillery, as they stood related, it was no less so to the pork-house; that it was in the pork-house and a part of it and essential to it, and could not be considered as a part of the realty of the distillery while it was so absolutely a part of the pork-house.

From this decree, *James Bodley* appealed to this court.

*Daniel Peck*, for the appellant insisted that, there was a lien on the buildings by virtue of the act giving mechanics a lien; that there was but one building and there was no necessity or propriety in making the sub-division as done by the court below, for the work done by the appellant was equally for the benefit of the pork-house and distillery. That the receiving of the bill of exchange was no discharge of the debt or waiver of the lien, as it matured before the expiration of three months when the lien would have been extinguished if not asserted by suit. 3 John.'s Chy. Rep., 71; 5 John., 68; 6 Barbour, 244; 8 John., 389; 15 Id., 247.

HARRISON, N., J., delivered the opinion of the court.

The court is of opinion that the circuit court erred in dismissing the petition of the appellant for the following reasons:

*First,* Because the stack constructed by the appellant in the pork-house, although necessary for the purposes of that establishment, was equally essential to the distillery, which is proved to have been situated at the north side of the pork-house, and to be attached thereto. Whether it was so attached or not, and although the pork-house as such may be used independently of the distillery; yet the stack being erected for the purpose of carrying on both establishments, and being a structure necessary to the same, must be regarded as a part thereof, and the appellant's account for such construction as constituting a lien upon both.

*Second,* Because the bill of exchange for 494 dollars and 38 cents drawn by the appellant for the amount of his account, and accepted by Herr & Co., at sixty days, was neither an extinguishment of his debt, nor a waiver of his mechanics' lien under the statute.

The cases of *Harring* vs. *Sanger,* 3 Johns. Cases, 71; *Toby* vs. *Barber,* 5 Johns., 68; *Putnam* vs. *Lewis' adm'r,* 8 Johns., 389, and *Van Eps* vs. *Dillage,* and others, 6 Barb., 244, are authorities full and clear upon this point; at least *quoad* the appellant and Herr & Co.

In this case, the fact that there were other co-lienors besides the appellant, cannot change the principle. The bill drawn by the appellant and accepted by Herr & Co., was not a substitute agreement for the lien, but the conditional acceptance of another mode of payment by which other co-encumbrancers could not be prejudiced, but might in fact have been greatly benefited. It simply postponed the payment of the debt until default in the payment of the bill. Upon his failure to collect his debt in that way, the appellant, within the time prescribed, had a right to resort to his original lien.

A bill of exchange or other security, which is not maturable until more than three months from the completion of the work, whether paid or not at its maturity, might be regarded as a waiver of the lien, because the party after that period, would have no right under the statute to assert it. Here the bill was drawn, matured, dishonered and the lien

asserted within the three months prescribed by the act of February, 2nd, 1853, for the assertion of such a lien.

Interlocutory decree of November 26th, 1859, reversed with costs to the appellant, and cause remanded to the circuit court for further proceedings to be had therein according to the principles herein settled.

DECREE REVERSED.