# CHARLESTON.

## MAYES v. RUFFNERS.

### March 4, 1875.

1875.
January Term.

1. A mechanic's lien is of statutory creation, and can be maintained only by a substantial observance of, and compliance with, the requirements of the statute.

2. The mechanic's lien, created by section two, chapter seventy-five of the Code is discharged, unless the person desiring to avail himself thereof, within thirty days from the time he ceases to labor on or furnish material for such building and appurtenances, file with the recorder of the county, in which the house or other building is situated, a just and true account of the amount due him, after allowing all credits, together with a description of the property intended to be covered by the lien, sufficiently accurate for identification, with the name of the owner or owners of the property, if known, which account shall be subscribed and sworn to by the person claiming the lien, or some one in his behalf.

3. The statute contemplates a positive designation of the name of the owner, if known to the person seeking the lien.

4. The subscribing the affidavit to the account is not the subscribing of the account contemplated by the statute; the account itself must be subscribed.

An appeal, granted on the petition of the complainant below, from a decree of the circuit court of Putnam county, in a suit in chancery therein pending, wherein John Mayes was complainant and B. F. and Frank Ruffner, respondents. The facts sufficiently appear in the opinion of the Court.

The Hon. Joseph Smith, judge of said circuit court, presided at the trial below.

*Edward B. Knight* for the appellant.

*William A. Quarrier* for the appellees.

MOORE, JUDGE.

We meet this case upon an appeal from a decree rendered by the circuit court of Putnam county, on October 25, 1873. The object of the plaintiff's bill was to enforce a mechanic's lien, under the provisions of chapter seventy-five of the Code. The circuit court sustained the defendant's demurrer to the bill, and dismissed the bill.

A mechanic's lien is of statutory creation, and can be maintained only by a substantial observance of and compliance with the requirements of the statute.

The first clause of section two, chapter seventy-five, Code, p. 475, enacts that: "Every mechanic, builder, artisan, workman, laborer or other person who shall do or perform any work or labor upon, or furnish any material in the erection or construction of a house or other building on land, or in altering or repairing any house or other building or its appurtenances, by virtue of any contract with the owner thereof, or his agents, * * * * * shall have a lien for the value of such labor and material upon such house or other building and its appurtenances, and also upon the lots of land upon which the same is situated." * * * &c. But section three declares that "Such lien *shall be discharged* unless the person desiring to avail himself thereof, within thirty days from the time he ceases to labor on or furnish material for such building and appurtenances, file with the recorder of the county in which the house or other building is situated a just and true account of the amount due him, after allowing all credits, together with a description of the property intended to be covered by the lien, sufficiently accurate for identification, with the name of the owner or owners of the

49

property, if known; which account shall be subscribed and sworn to by the person claiming the lien, or some one in his behalf."

It is plain that a mechanic's lien is discharged unless the person desiring to avail himself thereof complies with the provisions of the statute.

*First.* He must file, within thirty days from the time he ceases to labor on or furnish material for such build- and appurtenances, with the recorder of the county in which the house or other building is situated, a just and true account of the amount due him, after allowing all credits.

*Second.* With such account he must file a description of the property intended to be covered by the lien, sufficiently accurate for identification; and

*Third.* The name of the owner or names of the owners of the property, if known.

*Fourth.* The account must be subscribed by the person claiming the lien, or some one in his behalf.

*Fifth.* The account must be sworn to by the person claiming the lien, or some one in his behalf.

The account filed with plaintiff's bill as exhibit A, purporting to be a certified copy of the account filed with the recorder of Putnam county for the purpose of retaining the mechanic's lien, is not a substantial compliance with the requirements of the statute: Because,

*First.* The name of the owner of the property is not designated. The expression; " *and upon land now or formerly owned by Benjamin F. Ruffner, in the county of Putnam and State of West Virginia, and now occupied by said Frank Ruffner,*" is not positive as to the owner. The statute contemplates a positive designation of the name of the owner, if known to the person seeking the lien.

*Second.* The account is not subscribed to by the plaintiff, nor by any one in his behalf. The subscribing the affidavit to the account is not the subscribing of the ac-

count contemplated by the statute; the account itself <span>1875.<br>January Term.</span> must be subscribed.

Mayes<br>v.<br>Ruffners.

I am, therefore, of opinion that the court below did did not err in sustaining the demurrer and dismissing the bill. The decree should be affirmed, with costs and damages.

The other Judges concurred.

DECREE AFFIRMED.