# WHEELING.

## STOUT'S ADM'R *v.* GOLDEN.

### July 21, 1876.

|   |   |
|---|---|
| 9 | 231 |
| 40 | 706 |

1. A mechanic's lien is of statutory creation, and can be maintained only by a substantial observance of, and compliance with, the requirements of the statute.

2. The account claimed as a lien, must be subscribed to by the person claiming the lien, or some one in his behalf, under the provisions of the third section of chapter one hundred and thirty-nine, of the acts of 1872–3.

3. The fifth section of said chapter, does not create a lien in favor of the furnisher of materials upon the property of the owner, but only a demand against him for what may, at the time of notice, &c., be due or unpaid to the contractor. But if prior to the furnisher of materials, proceeding under and according to said fifth section, a creditor of the contractor acquires an execution lien upon what is due, or in arrear, from the owner to the contractor, and has proceeded to enforce his execution lien against the owner, by suggestion, and summons issued thereon, and served on the owner according to law, such execution creditor, by virtue of his said lien, and proceedings by suggestion, &c., to enforce the same, is entitled, by operation of law, to be first paid his execution debt out of the money or debt due from the owner to the contractor.

*Supersedeas* to a judgment of the circuit court of Harrison county, rendered on the twenty-third day of July, 1874, in a suit then pending in said court between John R. Stout, administrator of George S. Stout, plaintiff, and Irwin T. Golden, J. R. Helmick, and T. B. Fordyce, defendants.

1876.
June Term.

1876.
June Term.
———————
Stout's Admr.
v.
Golden.

The *supersedeas* was granted on the petition of the defendants below.

The other facts fully appear in the opinion of the Court.

The Hon. Charles S. Lewis, judge of said circuit court, presided at the trial below.

*John Bassel* for the plaintiffs in error.

*Thomas W. Harrison* for the defendant in error.

HAYMOND, PRESIDENT:

The plaintiffs in error, in this case, as a building committee of the Methodist Protestant church, of Bridgeport, Harrison county, entered into a contract, some time in the summer of the year 1873, with David D. Wilkinson, for the erection, by him, of a house of worship, on a lot belonging to said trustees of said church, in said town of Bridgeport. The defendant in error, having a judgment against said David D. Wilkinson, rendered by the circuit court of said county, on the ninth day of March, 1869, for the sum of $144, with interest from the second day of May, 1864, and $8.15 costs, on on the thirty-first day of December, 1873, caused a writ of *fieri facias* to be issued out of the clerk's office, on said judgment, for the amount thereof, and on that day, placed the same in the hands of the sheriff of said couny, to be levied; and on the same day he filed a suggestion in the clerk's office, of said court, suggesting that the plaintiffs in error, among others, were the debtors of said Wilkinson, and that his said writ of *fieri facias* constituted a lien on such indebtedness, for the payment thereof. A summons was issued by the clerk, upon said suggestion, and was served on the plaintiffs in error, on the fourth of January, 1874. The summons is in the usual form, and was made returnable to the first day of the next term of the said circuit court. It appears, from the record, that afterwards, on the twenty-third day of July, 1874, the plaintiffs in error, in obedience to said summons, appeared before the said court, as garnishees

summoned, etc., and who, being sworn, said that, "since the service of said suggestion upon the building committee and garnishees, there has come to their hands the sum of $120"—And, thereupon, the court rendered judgment against the plaintiffs in error, in favor of the defendant in error, for said sum of $120. To this judgment of the court, the plaintiffs in error, filed a bill of exceptions.

This cause was decided by the court, and it appears by the bill of exceptions, substantially, that the plaintiffs in error appeared before said circuit court, pursuant to the summons served on them, the fourth of January, 1874, and found the following facts: That some time in the year 1873, the said garnishees, acting as a building committee for the Methodist Protestant church, of Bridgeport, in said county, entered into a contract, with the said David D. Wilkinson, for the erection, by him, of a house of worship, on a lot belonging to the trustees of said church, situated in the said village of Bridgeport, at the contract price of $—; that during the erection of said building, J. N. Wilkinson & Co., merchants in said village, furnished said David D. Wilkinson, materials for the said house, to the amount of $72.99; that J. W. Coffman, a merchant of same village, furnished said David D. Wilkinson materials for the erection of said house, to the amount of $44.64; that the records of said accounts which were recorded as mechanics' liens were offered in evidence; that of J. N. Wilkinson & Co., amounting to $73.21, commencing September 2, 1873, and ending February 13, 1874; and that of J. W. Coffman, amounting to a balance of $44.64, commencing December 15, 1873, and ending February 17, 1874. These accounts seem to have been sworn to, and admitted to record, in the clerk's office of the county court of Harrison county, on the twelfth day of March 1874. But the accounts were not subscribed by any person. It further appears, by the said bill of exceptions, that, on the twelfth of March, 1874, the said J. N. Wilkinson & Co., and the said J. W. Coffman, gave notice

to the said garnishees of the existence of their accounts against said David D. Wilkinson, in accordance with section five of chapter one hundred and thirty-nine, of the acts of 1872–3; that said garnishees owed the said David D. Wilkinson, something on his said contract on the fourth day of January, 1874, the amount of which they did not then know; that, afterwards, about the sum of $120 came into their hands, as such building committee, from persons who had subscribed to the erection of said building; that said sum was due said David D. Wilkinson, from said garnishees, on the twelfth day of March, 1874, when they received said notice from J. N. Wilkinson & Co., and said J. W. Coffman; that, on the thirtieth of March, 1874, the said garnishees had a final settlement with said David D. Wilkinson, and that, after deducting the amounts, theretofore paid to him on said contract, and the amount of the accounts of said J. N. Wilkinson & Co. and J. W. Coffman, there was a balance on the contract price of $13.36; that the said David D. Wilkinson, not having completed the house, it was then agreed that the committee should employ some other person to complete the same, and that no part of said sum of $13.36 should be paid to said David D. Wilkinson, and that said garnishees did accordingly employ some other person to complete the building; that, on the thirtieth day of March, 1874, the said garnishees paid to J. N. Wilkinson & Co. and J. R. Coffman the amounts aforesaid for materials furnished said David D. Wilkinson. The plaintiff gave in evidence a writ of *fieri facias* in his favor against said Wilkinson for $144, and interest and costs delivered to the sheriff of Harrison county on the thirty-first day of December, 1873, returnable on the ————————— day of February, 1874, and a summons upon a suggestion issued on the thirty-first day of December, 1873, on said execution, and proved that the same was served on the defendants, as garnishees, on the fourth of January, 1874; and thereupon the said garnishees moved the court to dismiss the proceedings

against them, which motion the court overruled and rendered judgment against them.

It now remains to determine whether the circuit court erred in its judgment. In the case of *Mayes v. Ruffners*, 8 W. Va. 384, it was *decided* by this Court:

"1. A mechanic's lien is of statutory creation, and can be maintained only by a substantial observance of, and compliance with, the requirements of the statute.

2. The mechanic's lien, created by section two, chap-. ter seventy-five, of the Code, is discharged, unless the person desiring to avail himself thereof, within thirty days from the time he ceases to labor on, or furnish material for, such building and appurtenances, file with the recorder of the county, in which the house or building is situated, a just and true account of the amount due him, after all credits, together with a description of the property intended to be bound by the lien, sufficiently accurate for identification, with the name of the owner or owners of the property, if known, which account shall be subscribed and sworn to by the person claiming the lien or some one in his behalf." The third section of chapter one hundred and thirty-nine, acts of 1872-3 contains, substantially, the same provisions as to subscribing and swearing to the account, as the third section of chapter seventy-five of the Code of 1868, upon which this Court has expressly decided—neither of the accounts claimed to be mechanic liens were subscribed by the persons claiming the liens, or any person in their behalf. Although the said accounts for material furnished, seem to have been sworn to, still they were not subscribed as required by the law, to become liens on the property under the second and third sections of chapter one hundred and thirty-nine of the said acts of 1872-3. It is claimed, however, that the persons who furnished the materials, mentioned in said accounts, were entitled to be paid the amount thereof under the provisions of the fifth section of said chapter. The said fifth section gives no lien on the property, but only requires the owner to pay to the

*1876.
June Term.*

*Stout's Admr.*
*v.*
*Golden.*

furnisher of materials, any amount he may have in his hands due the contractor at the time he shall be notified of the account, etc., according to the provisions of said section. The notices, given in this case, under the said fifth section, were each given some time after the plaintiff's execution lien attached to the funds in question, and could not be affected by the subsequent notice and proceedings of the furnishers of materials under the provisions of said fifth section.

For these reasons I do not see error in the judgment of said circuit court, and the judgment must be affirmed, with damages, according to law, and with costs to the appellee.

Moore and Green, Judges, concurred.

Edmiston, Judge, absent.

JUDGMENT AFFIRMED.