## CHARLESTON.

PHILLIPS & SONS v. ROBERTS et als.

Submitted September 8, 1885.—Decided Nov. 21, 1885.

In a suit to enforce a mechanic's lien, if it appears upon the face of the bill that the suit was not brought within six months from the time plaintiff filed his account with the clerk, as required by the statute, the bill should be dismissed upon demurrer thereto.

The facts of the case appear in the opinion of the Court:

*F. Beckwith* and *A. W. McDonald* for appellant.

*Grove & Brown* and *G. Baylor* for appellee.

SNYDER, JUDGE :

Suit in equity brought April, 1883, in the circuit court of Jefferson county by William Phillips & Sons, suing for themselves and all lien-creditors against John W. Roberts and others, to enforce a mechanic's lien for material and lumber furnished by the plaintiffs to the defendant, Roberts, for the erection of a house upon his farm in said county.   The bill avers, "that within the time prescribed by law, after they had ceased to furnish materials for said house, the plaintiffs filed their accounts," &c., in the clerk'soffice of said county, and that the "amount of said accounts September 2, 1882, was the sum of $218.02."·  They exhibit with and make part of their bill a certified copy of the account and affidavit filed and recorded in the county clerk's office.   In the account the dates given show, that no material was furnished or charges made after September 2, 1881, and the certificate of the clerk shows that the affidavit attached thereto was sworn

to on October 31, 1881, at which date the account and affidavit were admitted to record.

A number of orders of reference and reports were made in the cause and also a decree for the sale of the defendant's farm, all of which were irregular and improper, but as the bill must be dismissed upon another ground it is unnecessary to notice them. The defendant, Roberts, demurred to and answered the plaintiffs' bill and obtained an appeal to this Court from the orders and decrees entered in the cause.

The material having been furnished by the plaintiffs and their lien recorded in 1881, their rights must be determined by the act of March 8, 1879, which was the statute then in force in this State. The third section of said act declares, that, unless the person desiring to avail himself of the lien therein provided for, shall file his account in the clerk's office *within thirty days* from the time he ceases to furnish material such lien shall be discharged. And the eighth section declares: "Unless a suit to enforce the lien is commenced *within six months* after the person desiring to avail himself thereof shall have filed his account in the clerk's office, as heretofore provided, such lien shall be discharged."—Ch. 84, Acts 1879, pp. 161–2.

It will be observed that there was a period of nearly two months between the date of the last item charged on the account of the plaintiffs and the time they filed the account in the clerk's office, and that it was nearly eighteen instead of six months from the time they filed their account in the clerk's office until they instituted this suit; that is, the account was filed October 31, 1881, and the suit brought in April, 1883. The statute is imperative, that unless the suit is brought *within six months* the "lien *shall* be discharged." It is thus apparent that at the time this suit was brought the plaintiffs had no lien for their claim, and as this fact appears upon the face of the account exhibited with and made part of the bill and therefore upon the face of the bill itself, the appellant's demurrer thereto should have been sustained and the bill dismissed for the want of jurisdiction. For this error all the orders and decrees entered in the cause by the circuit court must be reversed and set aside, the said demurrer sustained and the plaintiffs' bill dismissed.

REVERSED.