# CHARLESTON.

## United States Blowpipe Co. v. Spencer *et al.*

### Submitted June 22, 1894—Decided April 17, 1895.

1. **Lien.**
   A lien is the ligament or tie which binds certain property to a particular debt for its payment or satisfaction.

2. **Mechanic's Lien.**
   What is known as the "mechanic's lien" on real estate and buildings is the creation of statute. It was unknown at common-law, but the right given by statute to enforce it in a court of equity carries with it all the rights incident to that court's principles and rules and its methods of procedure.

3. **Mechanic's Lien—Statutory Requirements.**
   Such lien can be maintained only by a substantial observance of and compliance with the requirements of the statute, but the statute is given a fair and and liberal construction as to the creation of the lien and its enforcement.

4. **Mechanic's Lien—Statutory Requirements.**
   In ascertaining whether the account which is required to be filed and recorded to create the lien is a substantial compliance with the statute in respect to designating the name of the owner of the property, the account proper, and the sworn statement annexed thereto, may be read together.

5. **Mechanic's Lien—Construction of Statutes—Matured Liability.**
   Section 4 of chapter 75 of the Code, which requires a just and true account of the amount due after allowing all credits, to be sworn to and filed for record, uses the term "due" in the sense of an existing liability, without reference to whether it be then matured and enforceable by suit or not matured and not then enforceable by suit.

6. **Chancery Pleading—Bill in Chancery.**
   A bill framed with a double aspect, but upon consistent states of facts, praying relief in the alternative, is not for that reason open to objection.

Tomlinson & Wiley for appellant, cited Code 1891, p. 653; Phil. Mech. Lien (2d Ed.) 27, 583; 46 Mo. 595; Id. 337; 9 Nev. 219; 48 Miss. 360; 30 Ark. 573; 4 W. & S. 458; 52 Ala.

256; 2 Swan, 313; 4 Col. 251; 7 Cal. 358; 72 Me. 422; 4 W. Va. 600; 15 Am. & Eng. Enc. Law 165, 167, 168; 116 Mass. 376; 46 Am. Dec. 327; Pac. Rep. 810; 67 Me. 548; 6 Pet. 36; 24 N. Y. 283.

CHAS. E. HOGG for appellee, cited 88 Ind. 307; 29 Cal. 283; 39 N. J. L. 139; 2 Hill 365; 8 Blackf. 252; 5 Blackf. 329; 21 Ill. 431; 3 Ill. 472; 1 W. Va. 249; 1 Bouv. Law Dict. Tit. Due, p. 512; Drake Attach. (7th Ed.) §§ 27-33; Code, c. 106, s. 1; Id. c. 50, s. 121; 8 W. Va. 384; 33 W. Va. 65; 10 S. E. Rep. 36; 37 W. Va. 641; 2 Cal. 90; 2 Greene 508; 10 Md. 257; 3 Minn. 86; 18 Miss. 627; 37 Pa. St. 125; 50 N. Y. 360; 45 Ga. 159; 46 Tex. 196; 77 N. C. 77; 33 Mo. 396; 35 Mo. 107; 45 Ind. 258; 36 N. Y. (Sup. Ct.) 337; 30 Ark. 682; 57 Ind. 262; 58 Ind. 477; 52 Tex. 621; 8 Mo. App. 566; 83 Mo. 313; 40 Ill. 62; 21 S. W. Rep. 471; 62 Iowa 280.

J. S. SPENCER for appellees, cited 10 W. Va. 251; 28 W. Va. 623, 629; 30 W. Va. 274; 29 Gratt. 125; 1 Bart. Ch. Pr. 256; Sto. Eq. Pl. § 530; 11 W. Va. 238; 20 W. Va. 210; 30 W. Va. 248, 269; 31 W. Va. 601; 26 Gratt. 296; Adams Eq. 311 (margin); 2 Jones Liens, § 1588 and cases cited; Phil. Mech. Liens (3d. Ed.) §§ 402, 409; 15 Am. & Eng. Enc. Law 156 and authorities cited; 33 W. Va. 63; Code, c. 75, s. 4; 8 W. Va. 384; 9 W. Va. 231; 42 N. W. 358; 2 Jones Liens § 1397 and cases cited; Phil. Mech. Liens (3d Ed.) § 345 and cases cited; 22 Neb. 656; 59 Md. 469; 35 Minn. 192; 28 Minn. 404; 43 Cal. 515; 2 Idaho 1164; 15 Am. & Eng. Enc. Law 138 and authorities cited; 18 W. Va. 593; 15 Am. & Eng. Enc. Law 146, note 4; Phil. Mech. Liens (3d. Ed.) § 366; 2 Jones Liens, §§ 1554-5 and notes; 38 Mich. 587; Phil. Mech. Liens (3d Ed.) § 14; Code, c. 139, s. 5; 27 W. Va. 566; 18 W. Va. 586, 596; 37 W. Va. 59, 571; Hutch. W. Va. Treatise, § 958, form 250; Phil. Mech. Liens (3d. Ed.) 598; 2 Jones Liens, § 1390; 37 W. Va. 643; 38 W. Va. 596, 701; Bouv. Law Dict. Title Due; 17 Wis. 181.

HOLT, PRESIDENT :

This is a suit in equity brought in the Circuit Court of Mason county on the 19th day of December, 1892, by plaintiff

against J. S. Spencer, the Point Pleasant Furniture Company, *etc.*, to enforce a mechanic's lien against the property of the furniture company and for other relief.

On the 10th day of May, 1893, four of the defendants suggested the non-residence of plaintiff, and required security for costs; and, the security having been given, they demurred to plaintiff's bill. The court sustained the demurrer, and plaintiff desiring to amend, on its motion the cause was remanded to rules for that purpose. The amended bill having been filed, and the cause again on the court docket for hearing, the same four defendants demurred to the amended bill. The court, on December 19, 1893, sustained the demurrer, and the plaintiff declining to further amend, the bill and amended bill were dismissed, with costs, and this appeal was allowed the plaintiff. The grounds of demurrer are:

*First.* The bill and amended bill are multifarious.

*Second.* Plaintiff does not, by its pleading, show itself to have a valid mechanic's lien; has not complied with the statute, and therefore has nothing that fastens the claim to the property for its satisfaction; is a mere creditor at large, with no standing in a court of equity as a lienor against the property in question.

In our chancery practice it is usual in an amended bill to introduce supplementary matter, if necessary, without any additional designation of the bill itself. The bill is taken for what it shows itself to be, without regard to the name that may be given it. The plaintiff may, at any time before or after the appearance of the defendant, in the vacation of the court, file in the office an amended bill or supplemental bill, and have a summons to answer it. But if the court shall be of opinon that the same was improperly filed, it will dismiss such bill, at the costs of the plaintiff. This is done on motion, not by demurrer.

The scheme of the original bill is: That plaintiff has a mechanic's lien on the real property of the Point Pleasant Furniture Company for one thousand seven hundred and twelve dollars and fifty cents, duly recorded on July 12, 1892, but that the furniture company had, on the 11th day of December, 1891, by deed of trust of that date, conveyed its

property to defendant J. P. R. B. Smith, trustee, to secure the payment of four notes—one for two thousand eight hundred and seven dollars, to J. J. Bight; and three others, making five thousand dollars in all—payable in ten years from that date, but interest payable annually. The trustee was authorized to sell under the deed of trust for cash in default of payment of principal when due, or of interest, or on failure of the furniture company to keep the property insured to at least the amount of five thousand dollars. That the trustee, in violation of his trust, without giving the notice required by law, and before the trust was due, *viz.* on the 5th day of December, 1892, sold the property, not for cash, but on credit, to defendant James P. Hayes for nineteen thousand three hundred dollars, a grossly inadequate price. That the property sold was worth at least fifty thousand dollars. That although the sale was for cash, yet there was a contract and agreement between the trustee and defendant Hayes by which Hayes was to pay only a part of the purchase-money in cash, and the balance on time, thus giving Hayes, the purchaser, an unfair advantage over the other bidders, which ought not to have been permitted. That defendant Hayes paid but a part of the purchase-money, and has failed and refused to comply with the terms of sale. That the trustee has failed and refused to pay plaintiff's mechanic's lien, and the mechanic's lien of the defendant the Moore Carving Machine Company, amounting to one thousand two hundred and sixty two dollars. Plaintiff prayed that the sale under the deed of trust might be set aside, and the property legally and properly resold; and after payment of the debts secured by the trust deed, plaintiffs' claim should be next paid; but if the sale made by the trustee should be held to be legally and properly made, that in that event the trustee should be directed to pay the mechanic's lien next after the debts secured by the deed of trust; and for general relief. The same allegations are repeated in the amended bill, with the additional allegation that on the 6th day of February, 1893, a judgment was rendered in favor of plaintiff against the defendant the Point Pleasant Furniture Company for one thousand seven hundred and seventy two dollars and thirty

cents, being on the same account for which it had its said mechanic's lien; and on the same day a judgment was rendered against said furniture company in favor of defendant the Moore Carving Machine Company for one thousand two hundred and ninety five dollars and fifty five cents, the same account for which it had said mechanic's lien. Of these judgments copies are filed as exhibits. That the trustee has, since the sale, and out of the proceeds, paid off all the other liens, *viz.* the defendant Tinsley, the Bradford Milling Company, the Buss Machine Works, the Lane & Bodley Company, and Laidlaw & Dunn Company, although all their liens were subsequent to the lien of plaintiff and the lien of the Moore Machine Company, and that there is still left in the hands of the trustee the sum of three thousand and twenty six dollars and seventy five cents.

This did not have the effect to render the bill multifarious. I know of no reason why plaintiff might not properly have obtained against its debtor the furniture company a judgment at law for its claim, as was done in this case. Such was its right whether the mechanic's lien was valid or invalid. It obtained such judgment without objection. Why should it not inform the court that it had obtained a judgment at law against its debtor for such claim, which it had been and was seeking by its original bill to enforce as a mechanic's lien? It did not and could not affect the mechanic's lien. It did not make it better or worse, but made its pleadings correspond with the change in fact which had taken place in regard to defendant's account. There are several reasons why it may be permitted to obtain its judgment at law: *First.* The plaintiff thereby establishes the justice of its claim, and ascertains the amount; so that there can be no claim that defendant has been deprived of his right of trial by jury. *Second.* It is in no way inconsistent with the lien. A party who has a vendor's lien may also sue and obtain a judgment at law, thus making his claim also a judgment lien. *Third.* That this may be done is contemplated by the statute itself, for section 12 of chapter 75 of the Code (the chapter which authorizes the creation of the lien) provides that "the court of chancery may, in addition, give a personal decree in favor

of such creditors for the amount of their claims against any party as to whom they may be established, such decree to have the effect of and to be enforced as other decrees for money." Section 1 of chapter 139 provides that "a decree or order requiring the payment of money shall have the effect of a judgment * * * 'for such money,' and be embraced by the word 'judgment,' where used in this or any of the three succeeding chapters." And section 5 of the same chapter provides that "every judgment for money rendered in this state heretofore or hereafter against any person, shall be a lien on all real estate of or to which such person shall be possessed or entitled, at or after the date of such judgment;" and by section 7 "such lien may be enforced in a court of equity." See Phil. Mech. Liens (3d Ed.) § 448, p. 760; *Bedsole v. Peters,* 79 Ala. 133. See, also, *Glacius* v. *Black,* 67 N. Y. 563. I can therefore see no reason why the judgment obtained at law in the interim should in any degree add to or take from the mechanic's lien, or how the bringing into the case by the amended or supplemental bill this new status of plaintiff's claim could have the slightest effect in making its bill multifarious. It may be that the court would decline to enforce it because of its being a new lien, which did not exist when the suit was brought; but it is the same claim which has now passed into judgment, and that allegation does not render the bill multifarious, as may be easily shown by supposing the fact and allegation to be that the judgment at law had been obtained before the institution of the suit in chancery. See *Guano Co.* v. *Heatherly,* 38 W. Va. 409 (18 S. E. Rep. 611).

The deed of trust is an older and higher valid lien on the same property. That the plaintiff concedes, but its complaint is that the trustee made a sale improperly and illegally, to plaintiff's injury, and it asks that such sale may be set aside, and the property legally and properly sold under the direction and supervision of the court. But if the court should hold such sale by the trustee to be valid, then plaintiff asks that the surplus may be applied *pro tanto* in satisfaction of its lien. As to this, the plaintiff alleges but one state of facts, or, if two, they are not inconsistent; and it adapts its alternative prayer for relief to meet each one of two views

that may be taken of this state of facts. If plaintiff's view is correct, that an illegal sale has been made, to its injury, then one prayer meets that view of the case; but if the sale is valid, or is one of which plaintiff can make no proper complaint because not injured, then its other prayer is that it may be paid out of the surplus. It is the common every day case of a bill framed with a double aspect, and it is based on one set of consistent facts, and no two contradictory or inconsistent states of facts are alleged.

Each one of these four defendants who demur is a proper party, and they have no right to complain for other people, who do not themselves complain that such other persons are not proper parties defendant. James P. Hayes is a proper party, because he was the purchaser of the property at the trustee's sale, which plaintiff says was illegal and invalid; and which it asks to have set aside; the other three, because they are creditors by mechanics' liens, who have been paid out of the proceeds of such sale, whose liens are alleged to be younger and inferior in order of rightful payment to the lien of plaintiff.

This brings us to the main question discussed by counsel, does plaintiff show itself to have a valid subsisting mechanic's lien on the real estate in controversy? The bill must allege all the facts necessary to create the lien, for it is purely a creation of the statute, having nothing else to stand on. This is but a special application of the universal rule that the decree pronounced must stand justified by the pleadings as well as by the proof, and here it is decided as though all the allegations were true; for reasonable presumptions of fact, are admitted by demurrer, as well as the matters expressly alleged; but it does not admit matter of inference or argument. For example, in this case, plaintiff expressly alleges that its lien is valid; that all things required by the statute to create it were properly done and performed, averring them severally and specifically. But this is not taken as true, for the lien itself is exhibited, and as to the construction to be put upon it, that is a question of law for the court.

A lien is said to be the ligament which binds certain property to a certain debt or claim for its payment or satisfaction.

At common-law it was the fact of possession in certain cases. It may be created by contract expressly or impliedly, or it may be created by statute. Prior to the first day of July, 1850, in this state, the vendor of real estate had an implied lien for the payment of the purchase-money, even after a conveyance in which no lien was retained. Since that time he only has such lien by expressly reserving it on the face of the conveyance; but as long as he retains the legal title, he has the power of reserving it, unless he expressly agree not to reserve it. "A mechanic has a lien at common-law for labor done upon a chattle as long as he retains possession of it, but a mechanic or laborer can not retain possession of real property upon which he has performed labor." 2 Jones Liens, § 1184.

The mechanic's lien on buildings, *etc.*, and the land on which they are erected, as we know it, is the creature of statute, and was unknown at common-law or in equity. Phil. Mech. Liens (3d Ed.) § 1. But soon after the adoption of the federal constitution the states commenced to pass statutes creating such liens, in order to encourage the erection of buildings, and the improvement of town lots and real estate generally. Maryland came first, with the act of December 19, 1791; Pennsylvania with the act of April 1, 1803. Our first act upon the subject was passed February 21, 1843 (Acts 1842-43, p. 52). See Code, 1849 (Ed. 1860) p. 567. And for labor done and material furnished see act of 1852 (page 242) local to Alexandria. The whole subject has been of gradual growth; but it has been extended, advanced and encouraged and methodized until it now prevails in all states; and "while each state may have its own mechanic's lien law, which is rarely identical in every particular with that of another, yet all of them, having the same object in view, are, in their main provisions, very much alike, and in some instances mere re-enactments of each other." See Phil. Mech. Liens, § 8 *et seq.*; 2 Jones Liens, § 1186 *et seq.* Our law on the subject is found in chapter 75 of the Code. See Ed. 1891, p. 652. Our first case on the general subject is *Laege* v. *Bossieux*, (1859) 15 Gratt. 83, opinion by Judge Lee, where the act is given a construction plainly intended not to restrict, but to

advance the remedy, applying to it the general principles of equity, and not confining it to the act, after the lien is once created. But our present law, in its main outlines, first took definite shape in the Code of 1868. See chapter 75, p. 475. *Bodley* v. *Denmead* (1866) 1 W. Va. 249, was under the act of February 2, 1853, which was local, being confined to the city of Wheeling. Under the general law we have *Mayes* v. *Ruffners* (1875) 8 W. Va. 384; *McKnight* v. *Washington, Id.* 666; *Stouts* v. *Golden,* 9 W. Va. 231; *Manuf'g Co.* v. *Brockmeyer,* 18 W. Va. 586; *Phillips* v. *Roberts,* 26 W. Va. 783; *McGugin* v. *Railroad Co.,* 33 W. Va. 63 (10 S. E. Rep. 36); *City of Wheeling* v. *Baer,* 36 W. Va. 777 (15 S. E. Rep. 979; *Richardson* v. *Railway Co.,* 37 W. Va. 641 (17 S. E. Rep. 195).

In this case, the plaintiff, for an agreed consideration and price, on the 10th day of June, 1892, furnished, delivered and placed on the premises of the Point Pleasant Furniture Company, in Mason county, W Va., certain machinery in the bill and proceedings mentioned and described, at the agreed price of one thousand seven hundred and twelve dollars and fifty cents, ceasing to labor, *etc.,* on that day, and filing in the clerk's office of the County Court of Mason county, for record, their account, on the 12th day of July, 1892.

By section 2 of chapter 75 it is provided, among other things, that "every mechanic　\*　\*　\*　or other person who shall perform any work or labor upon, or furnish any material or machinery for constructing　\*　\*　\*　any house　\*　\*　\*　manufactory or other building　\*　\*　\* fixtures　\*　\*　\*　or other structure by virtue of a contract with the owner or his authorized agent, shall have a lien to secure the payment of the same, upon such house or other structure, and upon the interest of the owner in the lot of land upon which the same may stand or to which it may be removed." Section 4: "Every lien provided for in the second and third sections shall be discharged unless the person desiring to avail himself thereof shall, within sixty days after he ceases to labor on or furnish material or machinery for such building or other structure, file with the clerk of the County Court of the county, in which the same is situated, a just and true account of the amount due him after allow-

ing all credits, together with a description of the property intended to be covered by the lien, sufficiently accurate for identification, with the name of the owner or owners of the property, if known; which account shall be sworn to by the person claiming the lien or some person on his behalf." The account required to be filed for record must show four things: (1) The just and true account due the lienor after allowing all credits. (2) A description of the property intended to be covered by the lien, sufficiently accurate for identification. (3) The name of the owner of the property, if known. (4) The account must be sworn to by the person claiming the lien, or by some one in his behalf.

The account filed in this case consists of an itemized statement of the material and machinery furnished and work and labor done, with a sworn statement thereto attached as part thereof; and the two must be read together for our purpose as parts of one whole, called by the clerk who recorded it the "mechanic's lien." In this case the sworn statement says: (1) There are no credits or set-offs to said account other than are stated in the account, which is just and true, and for which defendant is debtor to plaintiff; and that there remains unpaid, after allowing all set-offs and credits, the sum of one thousand seven hundred and twelve dollars and fifty cents. (2) That the property upon which the work and labor was performed and for which said material was furnished, as charged in the foregoing account, and upon which it is hereby intended to take a mechanic's lien, is situate in the town of Point Pleasant, Mason county, W. Va., being two certain lots (giving the number and location of each) and a certain tract of land adjoining (giving its metes and bounds) "being the same lots and tract of land conveyed to the Point Pleasant Furniture Company by the Kanawha Lumber and Furniture Company, by its deed, bearing date on the 11th day of December, 1891, and of record in the clerk's office of the County Court of said Mason county in Deed Book No. 51, pp. 342 and 343, to which deed reference is hereby made." The just and true account of the amount due, which is required to be sworn to and filed, can not mean only an account past due (one on which a suit can then be maintained) but it means

owing (the state of indebtedness) whether then enforceable by suit or not. Under any other construction, it would be impossible for the builder to give the owner of the property any time in which to pay, and at the same time acquire his mechanic's lien, whereas section 11 of chapter 75 treats him as a valid lienor, who, at the time of filing his lien, can give the owner any extension of time in which to pay, short of six months. Why should he be required to swear that it is past due when it has five months to run? See *Albrecht* v. *Lumber Co.* (1890) 126 Ind. 318 (26 N. E. Rep. 157). On its face it appears to be due. *Hills* v. *Ohlig* (1883) 63 Cal. 104; Phil. Mech. Lien, §§ 282, 290. As to these two requisites, no complaint can be made that they are insufficient, or in any respect defective. But complaint is made that there is no sufficient designation of the name of the owners, and I think the objection would be well taken if the designation given in the description of the property stood alone. But it does not, and when read in connection with the account proper, it names and designates the owner in a plain and unequivocal manner; one that is obvious, and can not be misunderstood; and is at least a substantial, if not a literal compliance with the statute. In the account proper plaintiff states that the machinery furnished "was delivered and placed on the premises of the said Point Pleasant Furniture Company, and that the extra work and labor was done in and upon said premises in the affidavit hereto attached, described;" and in the affidavit it is called "the property," being two lots and five acres, which were conveyed to the Point Pleasant Furniture Company by deed dated December 11, 1891, as above recited. The president of the blowpipe company swore to the account in behalf of his company, and virtually said in so many words: "This account for one thousand seven hundred and twelve dollars and fifty cents is a just and true account, due said company, after allowing all credits. The following is a description of the property intended to be covered by the lien, *viz.*: Lot No. 1 in tier 6, and lot No. 1 in tier 5, of the town of Point Pleasant, and a certain tract of land, estimated to contain five acres (giving the metes and bounds) being the same lots and tract of land conveyd to the Point Pleasant

Furniture Company by the Kanawha Lumber and Furniture Company by its deed bearing date on the 11th day of December, 1891, and of record in the clerk's office, *etc.*, to which deed reference is here made; which said premises described in said deed are the premises of the said Point Pleasant Furniture Company." "Premises," the real estate conveyed (in this case conveyed in fee simple) with reference to the deed of conveyance, is also used in describing the property. I do not see how any more positive, explicit and unequivocal designation could be made of the name of the owner. It is in this regard a substantial observance of and compliance with the requirements of the statute, that has been held to be sufficient. *Mayes* v. *Ruffners,* 8 W. Va. 384. See Hutch. W. Va. Treat. § 958, form 250. See Phil. Mech. Liens (3d. Ed.) § 345; 2 Jones, Liens, § 1400; 1 Bart. Ch. Prac. 166; 15 Am. & Eng. Enc. Law 125. Thus read, it not only designates the owner, giving him information of the amount and character of the claim intended to be fixed as a lien upon his property, but gives to all notice that he has an estate in fee simple, and the legal title to the property, showing when, how, and to what extent and interest he became owner. On the subject generally, see *Montandon* v. *Deas,* 14 Ala. 33; *Lyon* v. *McGuffey,* 4 Pa. St. 126; *Chapin* v. *Paper Works,* 30 Conn. 461; *Rees* v. *Ludington,* 13 Wis. 276.

Being of opinion that the plaintiff has shown a valid, subsisting mechanic's lien on the property, it is not necessary to discuss the question whether it has also a judgment lien. This would depend on the question whether the three thousand and twenty six dollars and seventy five cents resulting from the sale under the deed of trust, and paid over by the trustee, and now in the hands of the general receiver of the court, is to be regarded as real or personal property. The general rule is that where real estate is sold under a deed of trust for the payment of the debt charged therein, the character of the property is only regarded as changed from realty to personalty, so far as may be necessaray to pay such debt, and the residue is still treated in equity as real estate. The question, however, may depend upon the provision in the deed of trust; but in this case there is none. It is silent on the

subject; and it would be to some extent determined by the language of the statute, which provides that the trustee shall pay the surplus, if any, to the grantor, his heirs, personal representatives, or assigns. The owner being a corporation did not have the effect to change it into personalty, for it is authorized to hold a certain amount of real estate (see chapters 52-54, Code) and as the lien of the judgment, if any, is wholly independent of the deed of trust, is created by law as applicable to the judgment debtor's real estate, a court of equity would regard it as still realty, if not impressed by some other act or order of the court with the character of personalty, before plaintiff's judgment was obtained; and no such act or order directing such conversion appears in this record. So that if it were necessary to the point, such surplus, after paying the trust debts, would still be regarded as land. See *Fowler* v. *Lewis' Adm'r*, 36 W. Va. 112, 150, 156 (14 S. E. Rep. 447).

From the view of the case here expressed it results that the demurrer of the defendants the Buss Machine Works, the Lane & Bodley Company, the Laidlaw & Dunn Company, and James P. Hayes to plaintiff's amended bill should have been overruled.

Therefore the decree of September 19, 1893, sustaining the demurrer and dismissing plaintiff's bill and amended bill is reversed, and the cause is remanded for further proceedings to be had therein. Reversed and remanded.

## On Rehearing.

It is insisted by counsel for appellee that the claim of mechanic's lien of the Moore Carving Machine Company is clearly insufficient, and invalid as a lien, because there is in the affidavit no positive designation of the owner of the property, and because the account filed therewith is no meagre of explanation and barren of statement as not to aid the affidavit, when used in connection therewith, on the question of ownership. The answer to this is that the United States Blowpipe Company is the only plaintiff, and its bill was finally dismissed by the court below on demurrer, and the sufficiency of its

own case, as made by the bill, is the only question before us. And it appears that the defendant Moore Carving Machine Company had a judgment at law for their claim, and this, it was said in argument, without contradiction, had been paid.

As to the validity of the plaintiff's lien—the only one before us on this demurrer—we need only say that a re-examination of the record and authorities has led us to our original conclusion.

ENGLISH, JUDGE (*dissenting*).