## CIRCUIT COURT OF THE CITY OF RICHMOND

Allen, Allen,
Allen & Allen

v.

Orthofix, Inc.,
and Linda Willis

April 18, 2002

Case No. HQ-1279

BY JUDGE MELVIN R. HUGHES, JR.

This interpleader action is before the court at the instance of Allen, Allen, Allen and Allen, a law firm, to determine the disposition of $4,950.00. The firm put the sum in escrow in connection with the settlement of a personal injury claim of defendant, Linda Willis. Following settlement, a dispute arose between Willis and Orthofix, a medical device manufacturer, over disposition of the funds. Thereafter, the law firm instituted this action.

The case is before the court on stipulated facts between Orthofix and Willis. On May 23, 2000, Dr. Harold Young, Willis' physician, prescribed a medical device made by Orthofix to treat Willis' medical condition, which resulted from an automobile accident. Willis consented to a lien in Orthofix's favor on any monies received in settlement of her claim. After using the device for a period of time, Willis contacted Orthofix to return the device. During a telephone conversation with an unidentified Orthofix representative, Willis arranged to have the device picked up and shipped back to Orthofix. The representative told Willis she would not have to pay for the item. When Willis negotiated a settlement of her claim, she used the Orthofix bill for the device as part of her claimed damages. When the matter was resolved by a settlement, the law firm escrowed the sum for payment of the device pending a determination of who should receive the funds, Willis or Orthofix.

Orthofix contends that, notwithstanding its representative's statement, since Willis later used it to negotiate the settlement, she derived a benefit from

this use and ought in fairness be responsible to pay for it. Orthofix characterizes this as a quasi-contractual obligation, which would require that it receive the amount escrowed, otherwise, Willis would be unjustly enriched.

The problem the court has with Orthofix's position is two fold. First, the stipulation does not include any facts that would go to show how Willis and the insurer for the defendant in the underlying claim used or considered the bill for the device in their settlement discussions and if it was a factor at all in the ultimate resolution. Second, the parties agree that Orthofix, through a representative, told Willis that the item could be returned with no obligation. This served to extinguish the underlying obligation on which the lien was meant to secure and absolves Willis of liability for payment for the device. Under well-known principles, a lien cannot attach if there is no underlying obligation. "A lien is the ligament or tie which binds a certain property to a particular debt for its payment or satisfaction." *United States Blowpipe Co. v. Spencer*, 40 W. Va. 698, 21 S.E. 769 (1895). And while Orthofix contends that even though Willis was told she would not have to pay for the device and the later use of the bill in settlement was not contemplated, there are no facts in place or from which it can reasonably be inferred that the parties bargained on this basis.

For the foregoing reasons, the court decides in favor of Willis, that is, the monies now held by the court in connection with this interpleader action is awarded to defendant Willis.