# CHARLESTON.

## NISWANDER & Co. v. BLACK.

Submitted June 6, 1901.    Decided November 23, 1901.

1. BUILDING CONTRACT—*Mechanics Lien.*

An account purporting to be an itemized account of materials furnished to a principal contractor for building a house, amounting in the aggregate to the sum of eight hundred and eighty-six dollars and seventy-five cents filed with the clerk of a county court and served with notice upon the owner under the provisions of chapter 75, Code, which account contains one item "Estimate furnished . four hundred and eighty-five dollars;" such account and notice are not sufficient under said chapter to entitle the material-man to his lien for said item of four hundred and eighty-five dollars.    (p. 194).

2. MECHANICS LIEN—*Account—Affidavit.*

When the account is filed with the clerk of the county court as provided in section four of said chapter 75, it is not essential and not required by said section that the account and affidavit so filed shall show on its face the fact of service of the account and notice on the owner, such fact may be proved under proper allegations in the bill.    (p. 194).

3. OWNER—*Contractor—Laborer's Duties.*

Failure of the owner to record his contract with the principal contractor does not render his property liable to the claims of any laborer, mechanic or material-men except such as have so complied with the provisions of the statute as to entitle them to their liens.    (p. 198).

4. MATERIAL-MAN—*Record—Contract—Owner's Liability.*

Where an account has been properly filed and notice thereof given by a laborer, mechanic or material-man and the owner has failed to limit his liability by recording his contract his property upon which the building is situated becomes liable for the whole of such lien without regard to the amount that was to be paid by the owner to the contractor.    (p. 198).

Appeal from Circuit Court, Wood County.

Bill by G. W. Niswander and others against T. A. Black and others.    Decree for defendants, and plaintiffs appeal.

*Affirmed.*

McCLEUR & McCLEUR, for appellants.

W. N. MILLER and J. W. VANDERVORT, for appellees.

MCWHORTER, JUDGE:

T. A. Black contracted with Mrs. Louisa M. Wild to build for her three joint dwelling houses of brick on her premises on Murdoch avenue in the city of Parkersburg for the contract price of four thousand three hundred and twenty-one dollars and fifty cents. Said contractor arranged with G. W. Niswander & Co. for hardware and other materials to go into said buildings amounting in the aggregate to eight hundred and eighty-six dollars and seventy-five cents which material the firm began to furnish to said Black on the 13th day of August, 1898, such material as they had agreed to furnish and continued to so furnish from time to time until the 21st day of December, 1898.

On the 30th day of the same month the said firm filed with the clerk of the county court of Wood County what purported to be an itemized account of the material so furnished for the purpose of securing their claim by mechanics lien under chapter 75 of the Code. One item in said itemized account dated December 13th, "Estimate furnished four hundred and eighty-five dollars," other mechanics and materialmen also filed with said clerk and recorded their liens against said property for work and material furnished. At the February rules, 1899, said G. W. Niswander & Co. filed their bill in the circuit court of Wood County against T. A. Black, L. M. Wild, and others for the purpose of enforcing their said mechanics lien and making the other holders of similar liens parties defendant to their bill. The defendant L. M. Wild answered the bill and denied that plaintiffs were entitled to their mechanics lien for any items in said account dating back of thirty-five days from the date of the notice that was given to her on the 3rd day of January, 1899, which she claimed excluded all items prior to November 9, 1898, and denied that plaintiffs had any lien for the item of "Estimate furnished four hundred and eighty-five dollars," averring that the erection of said buildings covered a period of about six months and during all that time its construction was under the supervision of R. H. Adair, architect; that under the contract made with Black the said architect was to make estimates of the labor performed and the material furnished for the construction of said buildings during its progress and the contractor Black was to be paid periodically according to the terms, that up to and until about the first of December, 1898, said Black received a

number of payments under estimates furnished by the architect and although said buildings were begun in July, 1898, and not completed until February, 1899, during nearly all of which period the plaintiff furnished to the contractor the items of material set forth in their alleged lein; that they gave respondent no notice whatever of any claim they had against Black until the 3rd of January, 1899. Sharp and Kearns filed in said cause their petition setting up their mechanic's lien, defendant Wild filed her answer to said petition denying that the account of said Sharp and Kearns was such an itemized account as required by section 3, chapter 75, Code. At the February rules, 1899, Mrs. L. M. Wild filed her bill in said court against T. A. Black and others alleging that under her contract with Black she had paid him all the money due him for the completion of the buildings except the sum of one thousand and sixty-one dollars, that she had received notices of various mechanics' liens and orders drawn upon her by said Black for various amounts had been presented to her, while suggestions had been served upon her as debtor of T. A. Black by some of his judgment creditors; and that the aggregate of liens claimed against her property of which she had notice largely exceeded the said sum of one thousand and sixty-one dollars, and praying that the parties named as defendants be required to answer the bill and set up fully their respective claims against the property of the plaintiff and said fund of one thousand and sixty-one dollars, which she paid into court; that the liens against her property and the claims against said fund together with the costs incurred in the prosecution thereof be satisfied and discharged out of the said fund so paid into court; and for general relief.

The Parkersburg Mill Co. and the West Virginia Hardware Co. filed their joint and several answers to said bill alleging that on the 21st of December, 1898, the defendant, Black, gave to the said Parkersburg Mill Co. an order on the plaintiff Wild for the sum of seven hundred and twenty-one dollars and sixty-three cents for material furnished by said company for the Murdoch Avenue houses of the plaintiff which order was presented to the said plaintiff and the same was on the same day accepted by her to be paid when the houses were completed provided there were funds in her hands due on the contract sufficient to pay the sum and other claims which might be upon said houses and subject

to any liability which she might have incurred on the sugges-
tion of William Kirk; that the Mill Co. had no control of the
form of the acceptance of plaintiff and did not admit by accept-
ing the same that the liability of said plaintiff could be limited
except by a full compliance with the laws upon her part in the
recordation of her contract with Black; and that she became
responsible and liable for the full amount and value of the
materials so furnished by the Mill Co. in the construction of
said houses, seven hundred and twenty-one dollars and sixty-
three cents; and the West Virginia Hardware Co. alleged that on
the 29th of Decemebr, 1898, the said Black gave them an order
on plaintiff Wild for the sum of three hundred and sixty-one
dollars and thirty-six cents to be charged on his account which
was accepted about the same day by the said Wild to the amount
of two hundred and thirty-seven dollars and ninety-six cents for
material furnished for her houses subject to any debt of Black
on the houses for which she might be hereafter liable and by
accepting the order and submitting to the acceptance in said
form they did not waive their right to charge plaintiff the full
amount of said order covering the material supplied by them in
the construction of said houses and for which they charged the
plaintiff to be liable to them under the law for the reason that
her contract with Black was not recorded so as to give notice to
respondents; and respondents by way of new matter constitut-
ing a claim for affirmative relief showed the court that the
defendants Niswander & Co. had instituted a suit against the
said Wild and others which was then pending in the same court
seeking to enforce their alleged mechanics lien mentioned in
their bill by a sale of the property of plaintiff and alleging that
the lien of Niswander & Co. and also of Sharp and Kearns were
both invalid and insufficient to constitute a lien on the property,
also that the attachment and garnishee process of William Kirk
was invalid and subsequent in time to the orders and assign-
ments of said Black to the respondent, and that the execution
and garnishee process in favor of Sharp and Kearns was also
invalid and subsequent in time to their said orders; and praying
that the plaintiff and the several defendants in the bill be made
parties and required to answer each and every affirmative allega-
tion constituting a claim for affirmative relief; that they
have a decree against plaintiff for the amount of their several

claims against her in the event that the court should hold that she is liable to them by reason of her failure to record her contract with Black and if the court should not so hold then that they have the amount of their said orders or assignments paid out of the funds in the hands of the plaintiff remaining due and unpaid to the defendant Black; and that the said Niswander & Co. and the other defendants be enjoined from prosecuting their separate suits or processes begun or contemplated by them; that this case and the suit of Niswander & Co. and all proceedings had and taken therein be heard along with this suit and that the lien of Niswander & Co., and Sharp and Kearns, W. T. Amick, William Kirk, S. B. Sutton, W. A. Deem, and J. E. Mayhew be declared null and void and the execution and the garnishee process thereon in favor of the defendant William Kirk and of the defendants Sharp and Kearns be deemed subsequent in time and priority to the claims and assignments of respondents; that the answer be treated as the answer of respondent to the bill of said Niswander & Co., and for general relief. Plaintiff filed her answer to the new matter set up in said answer admitting that she had not placed on record her contract with Black but denied that for that reason her property could be held for the material furnished by the Parkersburg Mill Co. and the West Virginia Hardware Co. unless it should appear that they had proceeded to perfect their lien against said property under the provision of chapter 75 of the Code, which she denied they had done and which in fact they did not claim to be done and because of such failure to so protect themselves they would be limited in their recovery to the *pro rata* share of the funds remaining in her hands.

On the 15th of April, 1899, said causes were directed to be heard together and were referred to W. W. Jackson, one of the commissioners of the court, to ascertain and report upon the validity and amount of these several mechanics liens asserted against the property of said Wild; and that the evidence taken in the cause of Wild against Black be read in the cause. The commissioner filed his reports to which there were exceptions taken by Niswander & Co. The causes were heard together on the 19th of May, 1900, when the court overruled the exceptions and confirmed the report and decreed that out of the fund of ten hundred and sixty-one dollars paid into court by Mrs. Wild

be first paid fifty-seven dollars, the costs recovered by Niswander & Co. in their suit; seventy-five dollars and eighty cents to Mrs. Wild, her costs recovered in her suit against Black and others; then that the several mechanics liens as ascertained by the report of the commissioner be next paid, the lien of Niswander & Co. amounting to one-hundred and twenty-four dollars and fifty cents including interest, the several liens to Amick, Mayhew, Deem, and Sutton all of which were assigned to Mrs. Wild and amounting in the aggregate including interest to date of decree to one hundred and sixty-four dollars and thirteen cents; and the mechanic's lien of Sharp and Kearns amounting to one hundred and sixty-two dollars all to be paid equal in priorities *pro rata* out of the said fund; and to Mrs. Wild thirty-three dollars and eighty-six cents including interest which she was obliged to pay J. M. Senseman for material necessary to complete said houses and that the orders given by T. A. Black on Mrs. L. M. Wild to be paid according to the order in which they were given. The firm of G. W. Niswander & Co. appealed from said decree claiming that the court erred in overruling the exceptions to the commissioner's report for the reason that the commissioner erred in not allowing Niswander & Co. the full amount of the estimate for doors and sashes furnished by them to Black the contractor for building Wild's houses and which went into the building of the said houses; and that the court erred in overruling the exceptions to the report on the ground that an itemized statement was not furnished to Mrs. Wild by Niswander & Co. as required by statute when in truth and in fact the said itemized statement was furnished as required by statute substantially and as far as it was possible for them to furnish it as the entire goods were an estimate and bid upon and contracted for as an estimate; that the court erred in confirming the commissioner's report and overruling the exceptions, in that the said report as confirmed by the decree gives the Parkersburg Mill Co. seven hundred and sixty-one dollars and thirty-one cents upon an order given by Black to said company drawn upon Mrs. Wild when it appears from the record that Mrs. T. A. Black purchased this lumber and no order was ever given by her to the Mill Co. nor to T. A. Black upon Mrs. Wild but was given by T. A. Black to whom the lumber did not belong and who had never contracted the debt with the mill company nor did he owe it anything for said lumber as far as

the record shows; that the court erred in failing to decree Mrs.
Wild's property liable for all the lumber that went into the same
because she failed to comply with the statute exempting her
from this liability in recording her contract with Black, and that
it further erred by failing to decree to Niswander & Co. the pay-
ment of nine hundred and thirty-five dollars and fifty-two cents
instead of one hundred and twenty-one dollars and forty-three
cents and in overruling the exception to the report of commis-
sioner Jackson.

The main question involved in this cause is the sufficiency of
the mechanic's lien claimed by plaintiff G. W. Niswander & Co.
against the property of Mrs. L. M. Wild and especially as to the
item in the account filed "Estimate furnished four hundred and
eighty-five dollars" their whole claim being for eight hundred
and eighty-six dollars and seventy-five cents, section 3, chapter
75, Code, in providing for a lien to materialmen, workmen, etc.,
who deal with a principal contractor, says: "It shall be the duty
of such laborer, mechanic, or person furnishing material, to file
with the owner or his authorized agent, an *itemized account* of
the labor done, or material or machinery furnished, verified by
affidavit, within thirty-five days after the same is performed or
furnished, and his neglect or failure to do so shall release the
owner from all responsibility and his property from all liens for
any item therein done or furnished prior to the said thirty-five
days;" and section 4 says, "Every lien provided for in the second
and third sections shall be discharged unless the person desiring
to avail himself thereof shall, within sixty days after he ceases
to labor on, or furnish material or machinery for such building
or other structure, file with the clerk of the county court of the
county in which the same is situated, a just and true account of
the amount due him, after allowing all credits," etc.   2 Jones on
Liens, in treating this subject at s. 1417, says: "Statutes which
require the filing of a true account of the work done or materials
furnished necessarily imply an itemized or detailed statement of
the transactions which are the foundation of the lien.   The par-
ticulars of the lien serve for the protection not only of the owner
but for the protection of the contractor, and of purchasers and
others who may become interested in the property subject to the
lien.

The chief purpose, however, which the account serves, is to
give the owner notice of the amount and character of the claim,

so that he may protect himself in his future dealings with the contractor. To serve this purpose the claim should show what it is for, whether work or materials; and a notice which does not show this is defective. Stating a balance due is not sufficient."

Plaintiffs Niswander & Co. alleged in their bill that they contracted with Black upon an estimate of the amount of hardware and other materials in which they dealt that would be necessary to go into said buildings, that said estimate was furnished by them to Black and a price agreed upon for the entire bill of goods so furnished and the contract was entered into between the said Black principal contractor and the plaintiffs who were to furnish to said Black that certain bill of goods amounting in the aggregate to eight hundred and eighty-six dollars and seventy-five cents. While it was so alleged in the bill it neither appears in the statement and affidavit filed to secure the lien nor in the testimony of G. W. Niswander who also made affidavit to the statement that said bill was made in one contract as a whole. In his deposition when asked to state in detail what he knew about the transaction between Niswander & Co. and Black his answer was: "About the 13th day of August, 1898, Mr. Black came to me and asked me to furnish goods for the L. M. Wild house. I agreed to do so. He commenced getting the first goods on the 13th day of August and continued on until the 21st day of December, 1898, of the same year; I did not collect anything off of him for the Wild house as I told him I would save that bill to pay the door and sash bill which comes due in December. I therefore received no pay whatever from the Wild house for the goods herewith invoiced." The account made out and filed with the clerk of the county court with the statement which was intended to constitute the lien as well as the account filed with the notice given to Mrs. Wild of such lien was simply a running account of the items of articles furnished amounting to the said sum of eight hundred and eighty-six dollars and seventy-five cents except the one item of "Estimate furnished, four hundred and eighty-five dollars," more than half of the whole account, which gives no intimation of what articles or materials went to make up said item. Said account appears to be a continuous account furnished from day to day and running from August 13 to December 21, 1898, while the affidavit accompanying the account and filed with the clerk says that the said materials

amounting to said sum of eight hundred and eighty-six dollars and seventy-five cents were furnished within sixty days immediately prior to the date of the affidavit which bears date on the — day of December, 1898.

When questioned about the said item of four hundred and eighty-five dollars, Mr. Niswander was asked, "Did Mrs. Wild have notice of what was contained in that estimate?" He answered, "No, sir, not that I know of." He was further asked on cross-examination: "Well, you never gave Mrs. Wild any knowledge of what was contained in the estimate?" He answered, "No, sir." He further stated, "The itemized account contains all the items. 'Estimate furnished' contains the doors and sash." He admitted there was nothing to show Mrs. Wild where the word *estimate* means doors and sash but further says he told her what was in it.

In giving her testimony Mrs. L. M. Wild was asked to state whether or not she knew what composed that item "Estimate furnished, four hundred and eighty-five dollars," and answered, "I do not, because I know Mr. Black was sick; he took sick before Thanksgiving."

The purpose to be accomplished by the filing of this account and the notice to be given the owner, as stated by the authorities makes it necessary that an itemized account be filed with the clerk, as well as served with the notice or as part of the notice upon the owner, and unless such itemized account is so filed and served it is defective. In *Loan Co.* v. *Furbush,* 80 Fed. Rep. 631, it is said: "The intention was that the mere inspection of a record, to be found at a particular place, should disclose all the information necessary in order to enable those interested therein to determine as to the existence of liens on the property." The record should be sufficient to give in itself the information intended by the recordation and should not be made to depend upon verbal explanations of its meaning, and the record cannot be supplemented by parol evidence after suit brought to enforce the lien. *Loan Co.* v. *Furbush,* cited. In *Mayes* v. *Ruffners,* 8 W. Va. 384, it is held, syl. 1: "A mechanic's lien is of statutory creation, and can be maintained only by a substantial observance of, and compliance with, the requirements of the statute." *Phillips* v. *Roberts,* 26 W. Va. 783. There is nothing in or about the item "Estimate furnished, four hundred and

eighty-five dollars," from which any one could infer what it included or what it meant. Estimate of what? Section 4, chapter 75, provides that unless the person desiring to avail himself of the lien shall file with the clerk of the county court "a just and true account of the amount due him, after allowing all credits," etc. The authorities say a just and true account necessarily implies an itemized or detailed statement of the transactions which are the foundation of the lien.

In *Shackleford* v. *Beck,* 80 Va. 573, at p. 588, the court says: "The appellant in his petition for a *supersedeas,* says: 'The statute requires a true account—not an *itemized* account; and an account may be true though it be not itemized.' It is difficult to conceive how, without *items* there can be an account—which is an itemized or detailed statement of the transactions to which it relates." *Thomas* v. *Barber,* 10 Md. 381; *Fosler* v. *Wulfing,* 20 Mo. App. 85; *Church* v. *Heise,* 44 Md. 453.

The item "Estimates furnished, four hundred and eighty-five dollars" imparts absolutely no information to an examiner of the records as to the prices charged therefor. It was not error to disallow this item.

Counsel for the Parkersburg Mill Co. claims that the record of appellants is defective, in failing to show on its face that the provision of the statute relating to the notice to the owner had been complied with, that such defect in the lien cannot be cured by allegation and proof, and says: "It should have appeared in the record of the lien, as it does appear in each of the other liens decreed by the court in this case, and for this reason, the whole claim of the appellant should have been disallowed by the commissioner and by the court." It is true the fact mentioned does appear in all the other liens, but the account seems to have contained all that the statute required to be filed with the clerk to secure the lien so far as it applied to the items of account properly given and within the time required, and it is competent to show by proof under the allegations of the bill that service of notice of such itemized account was duly had upon the owner, which was done in the case of plaintiff's lien and therefore it was not error for the commissioner to report the lien as to such items as were shown to be brought within the purview of the statute and therefore was not an error apparent on the face of the report which needed no formal exception to enable the court to act, as con-

tended by counsel under the ruling in *Windon* v. *Stewart*, 37 S. E. 603. Counsel for Mrs. L. M. Wild raises some question as to the validity, or sufficiency of the lien of Sharp and Kearns claiming that it is open to the same criticism as is the lien of plaintiffs, but the allowance of this lien is in no way to her prejudice and no exception was taken to the report of the commissioner reporting it as one of the liens by any party who might . be affected by it, and further, it is by no means on the same footing with the item contended against in the lien or claim of Niswander & Co., "Estimate furnished, four hundred and eighty-five dollars."

The assignment that the court erred in failing to decree to appellants nine hundred and thirty-five dollars and fifty-two cents instead of one hundred and twenty-one dollars and forty-three cents is disposed of in the treatment of the item "Estimate furnished, four hundred and eighty-five dollars," and the items of the account prior to sixty days before filing with the clerk.

The assignment that the court erred in failing to decree the property of Mrs. Wild liable for all the lumber that went into the houses because she failed to comply with the statute providing for the recordation of the contract between herself as owner and the contractor, Black, is met by the failure of the parties entitled, to file their accounts and perfect their liens upon the property for the materials furnished as the statute provides; otherwise on the failure of the owner to record his contract with the principal contractor, materialmen and mechanics would be entitled to a lien for material furnished for and work done on the building without in any way complying with the provisions of the statute to secure their lien, and this was never intended. Where an account has been properly filed by a laborer, mechanic or materialman and the owner has failed to limit his liability by so recording his contract then his property becomes liable for the whole of such lien without regard to the amount that was to be paid by the owner to the contractor.

It is assigned as error that the court overruled appellant's exception to the commissioner's report which gave to the Parkersburg Mill Co. seven hundred and sixty-one dollars and thirty-one cents upon an order given to it by T. A. Black drawn upon Mrs. Wild for that amount when it appears from the record that Mrs. T. A. Black purchased the lumber from the Mill Co. and fur-

nished it to the building and no order was ever given by her to the Mill Co. nor to T. A. Black, but it was given by T. A. Black, the person to whom the lumber did not belong and who never contracted the debt with the Mill Co. and did not owe the Mill Co. for said lumber. The record shows that the lumber was purchased by T. A. Black and that the payment therefor was guaranteed by Mrs. T. A. Black. Black the contractor was primarily liable for it.

The orders issued by T. A. Black and drawn on Mrs. L. M. Wild were properly decreed to be paid in the order in which they were drawn and accepted. An order to one who owes the account to pay the amount due to the drawer or any specific part of it, to the payee in the order, is a transfer and assignment of the account or of so much of it as is so directed to be paid. *Carr* v. *Summerfield,* 47 W. Va. 155.

There seems to be no reversible error in the decree and the same is affirmed.

*Affirmed.*