# CHARLESTON.

EDWARD P. FORMAN *v.* E. C. KELLY *et als.*

## (No. 5946)

Submitted September 20, 1927.   Decided September 27, 1927.

1. STATUTORY PROVISIONS—

> To perfect and preserve his lien for labor and materials under subsection (c) of Section 3, Chapter 75, Code (Mechanic's Lien Statute), a subcontractor must, within 60 days from the time he ceases to labor and furnish material, serve notice upon the owner of the property that he was a subcontractor of the general contractor, describing the nature of the subcontract, and designating the building and describing the real estate on which it is situate, together with the contract price and value of the work and materials; that said price has not been paid, and that he claims and will claim a lien for the payment thereof upon the building and interest of the owner in the land. (p. 213.)
>
> (Mechanics' Liens, 40 C. J. §§ 182, 188, 192, 193, 195.)

2. MECHANICS' LIENS—*Subcontractor's Notice, Not Containing Nature of Subcontract or Facts From Which it May be*

*Inferred, Held Inoperative to Establish Lien (Code, c. 75, § 3, subsec. [c].).*

The failure to incorporate in the notice the nature of the subcontract under which the labor and materials were furnished, or any facts from which it may be inferred, renders the notice inoperative to perfect and preserve the lien, because it is not a substantial compliance with this requirement of the statute.    (p. 216.)

(Mechanics' Liens, 40 C. J. § 190.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Monongalia County.

Suit by Edward P. Forman against E. C. Kelly and others to enforce a mechanic's lien. From a decree of dismissal, plaintiff appeals.

*Affirmed.*

*Glenn Hunter,* for appellant.

*Donley & Hatfield* and *Robert T. Donley,* for appellee Kelly.

LIVELY, JUDGE:

The decree appealed from sustained a demurrer to plaintiff's bill and dismissed the cause.

The controlling question to be determined is upon the sufficiency of the notice of a subcontractor to the owner of the building required by the statute in order to perfect and preserve his lien.

The bill charges in substance that the plaintiff, Forman, entered into a subcontract with Glenn Sheets, who was the general contractor employed by defendant Kelly, in the erection of a certain dwelling house on Kelly's land; that his contract was to furnish the labor and material for the plastering of the house at the price of 75c per yard; that he performed his contract, and the amount of labor and material at the contract price amounted to $446.25, and that the same had not been paid by any one.   The bill further charges that plaintiff theretofore had perfected and preserved a lien for said sum against said property; and the notice which he gave

to the owner within 60 days after he had ceased to labor and furnish materials, and required by the statute under sub-section (c) of section 3, chapter 75, of the Code, is exhibited with the bill. It is upon the sufficiency of this notice, that is, whether it is a substantial compliance with the statute, upon which the main question turns. The bill further sets up the recordation of the notice within the time prescribed by the statute, and no question is raised upon the sufficiency of the recorded notice. The bill further charges that defendant lived near the building during the construction thereof, and that he knew plaintiff was doing the plastering in the house and was working therein before he paid the contract price of the house to Sheets. The bill further avers that defendant Kelly is estopped to deny the validity of plaintiff's claimed mechanic's lien for the reason that by a petition theretofore filed in another suit pending against Sheets, he, the defendant Kelly, claimed that certain mechanics' liens, including that of plaintiff, had been taken against his (Kelly's) property by reason of the failure of Sheets to perform his contract as general contractor; and that defendant Kelly sought in that suit to recover the amount of those liens against Sheets. The prayer of the bill is for the enforcement of plaintiff's lien against the real estate of the defendant by the sale thereof.

Under subsection (c) of section 3, chapter 75, of the Code, a subcontractor in order to perfect and preserve his lien, is required within 60 days after the completion of his subcontract to give to the owner a notice of his lien in which he is required to state that he was a subcontractor under the general contractor, naming him, *describing the nature of the subcontract,* designating therein the property on which the lien is claimed and a description of the real estate on which the claim is situate, the contract price and value of the work and material furnished; that he has not been paid therefor, and that he claims and will claim a lien upon the said building, and the interest of the owner thereof in the land for the payment thereof. The notice served by plaintiff on defendant under this section complies with the requirements of the statute, except that it does not in any way refer to the

nature of the subcontract. It simply says that he was sub-contractor with Glen Sheets, the general contractor, "for the furnishing of material and doing of the work and labor necessary to the completion of that certain building, to-wit", (describing it and the land on which it was located), and that the contract price and value of the work and material is $446.25, which has not been paid, and that he claims and will claim a lien upon the building and the interest of defendant in the land on which it is situated. Plaintiff, and appellant here, admits that no reference whatever is made in the notice to the nature of the subcontract, whether for excavation, foundation, carpenter work, plumbing, roofing, or any other of the various kinds of work which might be subcontracted in the erection of the building, but he argues that the notice given is a substantial compliance with the statute, and that the statute should be liberally construed.

Liens of mechanics and material-men are purely statutory, and it is quite generally held they must show upon their face all of the statutory requisites to their validity. 18 R. C. L., p. 926, sec. 57. The procedure for perfecting and preserving the lien is in the hands of the mechanic or material-man. The land owner has no control over the procedure. The statute entitles the latter to full information, so that he can protect his property from sale; and although the result of the statutory procedure is a lien of as much dignity as that of a judgment of a court, it is generally held that the facts stated in the notice need not be stated with the exactness and definiteness as is required in a declaration, or other pleading at law. A substantial compliance is all that is necessary. *Harrison Construction Co.* v. *Greystone Hotel Co.*, 99 W. Va. 5, and cases cited. The form of the notice given in the statute above cited need not be followed, but in order to make it sufficient, the effect must be the same. Among the necessary parts of the notice is the requirement that the nature of the subcontract be described. The notice given by Forman to Kelly says that he "was and is subcontractor with Glenn Sheets, who was and is general contractor, for the furnishing of material and doing of the work and labor necessary to the completion of that certain building", de-

scribing the building and where situate. There is nothing in this language from which the nature of the subcontract can be inferred. The bill tells that the subcontract was for plastering at 75c per yard, and if we could take the averments of the bill in support of the notice, there would be little difficulty in arriving at the nature of the subcontract. But we must look to the notice without aid of the bill, and the most liberal construction which can be given to the notice will not aid in arriving at the nature of the subcontract. It would serve no useful end to stop to inquire the purpose of the legislature in requiring the subcontractor to state in the notice to the owner the nature of the subcontract. The proceeding is ex parte and summary in its nature, and must be substantially complied with whatever reason may have moved the legislature to require it. In *Niswander & Co.* v. *Black,* 50 W. Va. 188, (195), it was said that the chief purpose of the statute which required a laborer or material-man to file with the owner an itemized account of the labor done or material furnished, is to give notice to the owner so that he may protect himself in his future dealings with the contractor. And that "to serve this purpose the claim should show what it is for, whether work or materials; and a notice which does not show this is defective. Stating a balance due is not sufficient." And in *McVey* v. *Kaufmann,* (Pa.) 72 Atl. 503, a decision under a statute very similar to the one under consideration, the court stated reasons why the substance of the subcontract should be stated in the notice, saying: "The evident purpose of the requirement that a subcontractor must set forth in his notice to the owner of the building the contract under which he claims is to enable the owner to know just what the rights of the claimant are, and to protect himself accordingly. If this contract had been to furnish labor and material in consideration of existing indebtedness of the subcontractor to the contractor, the owners could have safely disregarded the notice and settled with their contractor; or, if the amount claimed had been in excess of the price stipulated in the contract, the owners could have settled with their contractor, knowing that their building would not be liable for more than the contract price for

the labor and materials furnished by the subcontractors. Other illustrations might be given of the wisdom of the legislature'', etc. As above suggested, we are not concerned with the reasons which actuated the legislature in requiring the subcontractor to state the nature of the subcontract in his notice; for in order to perfect and preserve his lien and get the benefit of the statute, he must substantially comply with its terms and 'requirements. There has not been a substantial compliance with the statute, and the notice is ineffective to perfect and preserve the lien because it does not in any way attempt to state the nature of the subcontract. *Niswander & Co.* v. *Black,* 50 W. Va. 188. ''The notice must at least substantially conform to the statutory requirements, and contain the statements required by law to be included; otherwise it is fatally defective.'' 40 C. J. p. 168, sec. 190. In accord see *Benton* v. *Berg Distillery Co.,* 63 Pa. Super. Court Rept. 412; *Herr* v. *Moss Cigar Co.,* 237 Pa. St. 232.

Under statutes which required the person claiming the lien to state in the notice a statement of the materials furnished, it has been held that a general statement of the material furnished was sufficient. *Chandler Lumber Co.* v. *Fehlau,* 137 Wis. 204, where the notice contained ''Materials Fur-nished. — Lumber and Mill work to the value of $1,000.'' The court said the statement was very meager and did not approve of it, but held it to be sufficient.

On the estoppel set up it is apparent that Kelly was seek-ing to compel Sheets to pay the liens asserted against the former's property for which the latter was primarily re-sponsible, and cannot be construed to be an admission that said asserted liens were valid and binding. The averment and argument is that Kelley by asserting a claim in the suit against Sheets to which Forman was not a party, thereby prevented the latter from attempting in that suit to make recovery from Sheets on his subcontract, and therefore hav-ing lulled plaintiff into security, Kelley should now be made to pay the debt against Sheets. He charges in the bill that he was damaged by Kelly's act; but this is a conclusion only. It is not charged that Kelly was successful in col-lecting from Sheets, or that plaintiff would have been more

successful if he had asserted his claim against Sheets.  It is apparent that Kelly was not successful, for if Sheets had been made to pay the debt, there would have been little necessity for the present suit.  No charge of want of diligent prosecution of the suit against Sheets is made.  There are no facts alleged on which the conclusion of resultant damages can be founded.

The decree is

*Affirmed.*