FIREPROOF PRODUCTS COMPANY *v.* SAMUEL LOGAN *et al.*

(No. 7413)

Submitted February 15, 1933.   Decided February 28, 1933.

(Rehearing denied June 1, 1933)

*Blue, Dayton & Campbell,* for appellant.
· *Brown, Jackson & Knight, Lon H. Kelly,* and *Herman Bennett,* for appellees Samuel, Henry, and Thomas Logan.

KENNA, JUDGE:

This suit was brought in the circuit court of Wood County by process issuing on the 10th day of July, 1930, by Fireproof

Products Company for the purpose of asserting a mechanic's lien under chapter 75 of Barnes' Code, 1923. Samuel, Thomas, and Henry Logan, as the owners of the lot in the city of Parkersburg upon which the structure was erected, were made defendants as were S. D. McCloud, the general contractor for the erection of the structure, Southern Surety Company, the surety of the general contractor upon the indemnity bond which was given under the provisions of section 8, chapter 75, Barnes' Code, 1923, and certain other persons, firms and corporations, who also claimed liens under said chapter.

The Logans and Southern Surety Company, appeared, and filed their demurrers and answer to plaintiff's bill. By order entered September 24, 1931, the demurrer was sustained, with leave to the plaintiff to amend his bill or file an amended bill before October 12, 1931. On October 12, 1931, an order was entered showing plaintiff's failure to amend or to file an amended bill, directing plaintiff to execute a release of its alleged lien, and dismissing the plaintiff's bill. On December 12, 1931, plaintiff, over objection, filed what is termed a petition to rehear the matters in controversy and correct errors. Accompanying this petition and tendered to be filed was an amended and supplemental bill. The petition and the tender of the amended and supplemental bill came at the same term of court at which the order of October 12, 1931, had been entered. On June 22, 1932 (of course, at another term), the court entered its decree rejecting the petition for rehearing, refusing to file the amended and supplemental bill, and correcting the order of October 12, 1931, by providing it ''shall be (referring to that order) without prejudice to the plaintiff to take such proceedings as it may be advised against'' McCloud. The subsequent decree provides that the former shall otherwise be ''firm and stable''.

An appeal to this court was granted upon the application of the plaintiff filed on August 1, 1932.

The first question with which we are confronted is, did the plaintiff make its application here within the eight months prescribed by the statute? It was filed within eight months of the order of June 22, 1932, rejecting the petition for rehearing and the amended bill. It was not filed within eight months of the order of October 12, 1931, sustaining the de-

fendants' demurrer to the plaintiff's bill and dismissing it. It did not have to come within eight months of the last named order. In the meantime, and at the same term of court at which that order was entered, plaintiff had tendered what is called his petition for rehearing and his amended and supplemental bill. True, this came after the time limit for his filing the amended and supplemental bill as fixed in the order of October 12, 1931. But it came at a time when that order was still in the breast of the court, and it operated to stir again the chancellor's conscience and hold finality in abeyance. The court below took the matters raised on December 12, 1931, under advisement until June 22, 1932, and it was not until then that the final decree was entered expressly stating that the former decree, after certain alterations therein, was "firm and stable". In speaking of the federal practice in equity upon petitions for rehearing (probably where plaintiff's idea of procedure came from) Clephane on Equity Pleading & Practice, p. 386, makes the following statement, citing well-considered cases to sustain the view: "The petition should be duly verified and be actually called to the attention of the court so as to prevent the decree from passing beyond its control at the close of the term, but if this is done the decree does not become final until the petition is disposed of." It is obvious that was the view of the trial court and we find no error in its application. This being so, and the application for the appeal here having been filed within eight months of the final decree below (June 22, 1932), the appeal will not be dismissed as improvidently awarded.

The substantive questions raised by this appeal are involved with, but not obscured by, many and voluminous pleadings and exhibits. As to the plaintiff's right against the owner under his lien, the determination focuses upon the sufficiency of its notice given to the owner under chapter 75.

For the purpose of deciding the legal questions involved, we, of course, treat plaintiff's amended and supplemental bill as though filed. Under its averments and as claimed by plaintiff, under the averments of the original bill, plaintiff desires to be treated as a sub-contractor. As such, the preservation of his lien rests upon his having complied with the provisions of chapter 75 in so far as they are applicable to a sub-con-

tractor, and particularly, in this case, upon compliance with sub-section (c) of section 3 of that chapter, providing notice to be given to the owner within sixty days after the completion of his sub-contract by the sub-contractor. Among the requirements of this notice is a statement of the nature of the sub-contract. Plaintiff's notice to the owner is found at page 27 of the printed record and the material parts of it as they affect this question state that the plaintiff "has furnished and delivered to S. D. McCloud, who was contractor with you, materials for use in the erection and construction of that certain building situate in the city of Parkersburg, and State of West Virginia, known as the Montgomery-Ward Building, which said building is situated upon Market Street in said city of Parkersburg, West Virginia, and is more particularly bounded and described, etc.", and further "you are further notified that the undersigned has not been paid the sum of $7,701.95 for the materials furnished by reason of a certain contract, and that the undersigned claims a lien, etc." This language is not sufficient to constitute a substantial compliance with the statute requiring in the notice of the sub-contractor a statement of the nature of his contract. The notice should give to the owner sufficient information to enable him fully to inquire as to the accuracy and validity of the sub-contractor's claim. *Forman* v. *Kelly,* 104 W. Va. 211, 139 S. E. 708; *Niswander & Co.* v. *Black,* 50 W. Va. 188, 40 S. E. 431. The averments of the bill and the amended bill demonstrate the confusion that could easily arise under this notice. It states that the sub-contractor has not been paid the sum of $7,701.95 "for the materials furnished by reason of a certain contract." There were two contracts and neither involved the sum of $7,701.95. At page 23 of the printed record, a proposal under date of November 11, 1929, from the plaintiff to the general contractor, is set out, and its aggregate amount is $10,411.00. At page 26, another proposal in substantially the same form, dated January 2, 1930, is set out, covering a motor operated door in the amount of $425.00. While we confine ourselves to the face of the notice in determining its sufficiency, we find in the case itself facts demonstrating the propriety of the rule we follow. The notice given was inadequate

and does not comply with the requirements of the statute concerning sub-contractors.

Neither can the notice given to the owner be regarded as a compliance with the provisions of the statute relating to materialmen. The notice required to be served by a materialman furnishing materials to a general contractor and served upon the owner is set out in sub-section (e) of section 3, chapter 75. Barnes' Code, 1923. It explicitly requires an itemized statement of account. There is no pretense to itemize or break down the lump sum named in this notice. The failure to itemize is fatal. *Niswander & Co.* v. *Black, supra.*

In the light of the foregoing, we conclude that in the category of sub-contractor as well as in the category of materialman, plaintiff's lien upon the owner's property has been discharged under the provisions of section 3, chapter 75. Barnes' Code, 1923, for failure within sixty days to give the prescribed notice to the owner.

But appellant urges that even in the event that his lien has failed, he should have had a money decree in the court below against the general contractor and the sureties on his bond given under section 8 of chapter 75, Barnes' Code of 1923.

The section in question, according to its language, prescribes a bond to be given ''conditioned that in the event any such laborer. materialman or other person, having perfected his lien as allowed by this act. * * *.'' The bond that was actually given in this case enlarges upon the provisions of the statute in that its penalty attaches unless the general contractor ''shall pay off, satisfy and discharge all claims of sub-contractors, laborers, materialmen, and all persons furnishing material or doing work upon said building * * *.'' Plaintiff in error contends that it should be allowed to recover on this bond, notwithstanding that it did not perfect a lien, because of the very terms of the instrument itself. On the other hand. it is argued in the brief of appellee that the terms of the bond are the terms of the statute, no more and no less, and that appellant is not entitled to recover a money decree on the bond in the absence of a statutory lien. This question is disposed of by the third point of the syllabus of *Chambers* v. *Cline,* 60 W. Va. 588, 55 S. E. 999, as follows: ''So, where a bond is given under the authority of the statute, that which

is not expressed but should have been incorporated, is included in the bond, while that which is not required by the statute is excluded, if it is sufficiently clear from the bond itself that the intention of the parties was to comply with the law in its execution.'' There could be no question but that the purpose of the parties here was to comply with the provisions of section 8, chapter 75, Barnes' Code, 1923. So that, on the basis of the holding in *Chambers* v. *Cline,* and in several other West Virginia cases readily available, it is apparent that we must hold that the appellant was not entitled to a money decree against the surety on the general contractor's bond. This, of course, has nothing to do with his right of recovery against the general contractor on the basis of the contractual relation between him and the appellant.

For the reasons stated, the decree of the trial court is affirmed, the bill of complaint of plaintiff below dismissed.

*Affirmed.*