GEORGE KENDALL *dba* GEORGE KENDALL PLUMBING and HEATING

*v.*

JAMES A. MARTIN, *et al.*

(No. 10342)

Submitted September 11, 1951. Decided October 16, 1951.

*Charles L. Garvin, Jr.,* for appellant.

*H. E. Dillon, Jr., J. Zane Summerfield,* for appellees.

FOX, PRESIDENT:

This is a suit in equity instituted by George Kendall, individually, trading and doing business as George Ken-

dall Plumbing and Heating, in the Circuit Court of Fayette County, to enforce a mechanic's lien in the sum of $2,984.78, with interest, against certain real estate of James A. Martin. His wife, Lydia Martin, and S. D. Morton, the principal contractor for the building erected thereon, for which work and supplies were furnished by the plaintiff, are made parties to the suit. The suit is, of course, based upon the statutory notice required by Code, 38-2-9, and the sufficiency of this notice is the sole question presented on this appeal.

The allegations of plaintiff's bill are that in September, 1948, plaintiff, as a subcontractor, commenced furnishing to S. D. Morton, the principal contractor, under a verbal contract then entered into between them, certain material and labor necessary to the completion of the plumbing and heating in an apartment building being constructed by the said Morton as such contractor for the defendant James A. Martin, located on certain land situated in the City of Oak Hill in Fayette County, and minutely described in the bill; that the work contracted for by the plaintiff was completed on October 13, 1949; that within sixty days after such completion, to-wit, on the 7th day of November, 1949, he gave to the owner of said building, James A. Martin, a notice of his lien, a copy of which was filed with the bill as Exhibit C; that within ninety days from the date he ceased to furnish such material and work, to-wit, the 7th day of November, 1949, such notice was duly recorded in the office of the Clerk of the County Court of Fayette County; and that his suit to enforce such lien was instituted on the 4th day of May, 1950. In said bill, it is alleged that the contract price and value of the work to be performed by the plaintiff for the principal contractor, Morton, was $8,976.00, of which amount plaintiff had been paid $5,991.22, leaving a balance due to the plaintiff of $2,984.78, which amount the plaintiff averred had not been paid, and that the same constituted a lien upon said building and the land upon which the same was located. An exhibit filed with the bill contains an itemized statement of the account of $8,-

976.00, and the payments, and the dates thereof, aggregating the sum of $5,991.22. Exhibit C, a copy of the notice of mechanic's lien given by the plaintiff to James A. Martin, aforesaid, is in the words and figures following:

### "NOTICE OF MECHANIC'S LIEN

"To: Mr. J. A. Martin, Oak Hill, West Virginia.

"You Will Please Take Notice that the undersigned George Kendall was and is subcontractor with D. S. Morton, who was and is general contractor for the furnishings of materials and doing of the work and labor, necessary to the completion of the heating and plumbing on that certain building or apartment house, owned by you and described as follows:

"Lots 107, 108, 109, 110 and 111, situate on Oak Hill Avenue and Lewis Street, in Oak Hill, W. Va., conveyed to you by deed dated November 16, 1946, recorded in Deed Book 119, at page 230.

"That the contract price and value of said work and materials is Eight Thousand Nine Hundred Seventy Six Dollars ($8,976.00).

"You are further notified that the undersigned has been paid only Five Thousand Nine Hundred Ninety One Dollars and Twenty Two Cents ($5,-991.22) thereof and that he claims and will claim a lien upon your interest in the said lots of land and upon your interest in the said lots of land and upon the said buildings, structures and improvements thereon to secure the payment of the balance of the said contract price.

"GEORGE KENDALL."

The defendants, James A. Martin and Lydia Martin, filed their demurrer to plaintiff's bill, and assigned the following grounds:

"First: The alleged notice filed with the plaintiff's petition as Exhibit C fails to describe the nature of the contract under which the labor and materials were furnished, or any facts from which it may be inferred that there was a con-

tract and, therefore, said notice is inoperative to perfect or preserve the lien.

"Second: The notice above referred to does not contain an itemized statement of account, showing the labor performed or the material furnished, which is a mandatory requirement.

"Third: The notice served alleges the plaintiff is a subcontractor, furnishing material and labor to the general contractor, S. D. Morton, and the Bill of Complaint alleges that the contract is with J. A. Martin, one of the defendants, through S. D. Morton, acting as agent for said J. A. Martin and, therefore, the suit is predicated on a theory inconsistent with the notice.

"Fourth: And for other reasons appearing on the face of the pleadings."

At the same time the same defendants filed their answer to plaintiff's bill; but inasmuch as the case was decided on the first ground assigned in support of their demurrer, we deem it unnecessary to go into detail as to what is contained in said answer; for if we sustain the ruling of the trial court upon the demurrer, plaintiff's case has no future; and if we reverse that action, the case will have to go back to the circuit court for hearing on plaintiff's bill and the answer thereto, and upon such evidence as may be produced in support of either.

On July 7, 1950, an order and decree was entered in the case, wherein the court held: "that the notice filed with plaintiff's petition as Exhibit C fails to describe the nature of the contract under which the labor and materials were furnished, or any facts from which it may be inferred that there was a contract, and that said notice is, therefore, inoperative to perfect or preserve a mechanic's lien and, therefore, the demurrer as to the reasons set forth as 'First' is sustained." The demurrer on the second and third grounds was overruled. Plaintiff then announced that he did not desire to make any amendments to his bill, and it was decreed by the court that plaintiff's bill of complaint be dismissed as to James A. Martin and Lydia Martin.

From the foregoing, it will be seen that the sole question presented for decision is whether the notice of November 7, 1950, sufficiently described the nature of the contract under which labor and materials were furnished by the plaintiff to Morton, the principal contractor. We have already quoted the notice, and it seems necessary that we quote the suggested form of notice of mechanic's lien set out in Code, 38-2-9, said statute providing the same to be sufficient to create a mechanic's lien, if served within sixty days after completion of the work contracted to be performed by the subcontractor, if served on the owner by any of the methods provided by law for the service of legal notice or summons. The suggested form of notice reads as follows:

"Notice of Mechanic's Lien.

"To _____ _____

"You will please take notice that the undersigned _____ was and is subcontractor with _____ who was and is general contractor for the furnishing of materials and doing of the work and labor, necessary to the completion of (here describe the nature of the subcontract) on that certain building (or other structure or improvement as the case may be), owned by you and situate on lot number _____ of block number _____ as shown on the official map of _____ (or other definite and ascertainable description of the real estate) and that the contract price and value of said work and materials is $_____ You are further notified that the undersigned has not been paid therefor (or has been paid only $_____ _____ thereof) and that he claims and will claim a lien upon your interest in the said lot (or tract) of land and upon the said buildings, structures and improvements thereon to secure the payment of the said sum.

"_____"

A comparison of the notice actually given to the owner, James A. Martin, on November 7, 1950, with the suggested form discloses the use of almost the identical language in both, other than the necessary figures, names and descrip-

tions. The suggested form seems to require a description of the nature of the subcontract, and the contention is that the notice given in this case does not meet that requirement. When we read the notice, we find that it follows the suggested form to the point where the language in parenthesis "here describe the nature of the subcontract" appears, and then uses the words "heating and plumbing", and then takes up the suggested form and does not thereafter depart therefrom in any important way.

The perfecting and enforcing of a mechanic's lien in this jurisdiction is controlled by statute, and the lien has no existence without it. The basis of any lien is notice to the owner, by the contractor, or any subcontractor, that he has furnished material or labor in the construction of a building or other structure on land. It has always been held by this Court that the necessary notice required to be given the owner must be such as to fully acquaint him with all of the facts bearing on the claim, and that there must be strict compliance with the statute, tempered with the reservation that a substantial compliance will suffice. We are of the opinion that there has been a substantial compliance with the statute in this case. We can conceive of no benefit to the landowner from a detailed explanation of the verbal contract allegedly entered into between the plaintiff and the principal contractor, Morton. What the landowner, against whose property the lien is now asserted, was concerned in was the amount of money claimed to be due plaintiff under his contract. The owner was notified that on certain lots owned by him, located in Oak Hill, the plaintiff had contracted with S. D. Morton, the principal contractor, for the work of completing the heating and plumbing in the building being erected thereon, and that the amount of said contract was a fixed sum, $8,976.00, that he had been paid $5,991.22, thereon, and that he claimed a mechanic's lien on the interest of the owner in said lots of land, and said building, for the balance of the contract price which was readily ascertainable by deducting the amount paid from the total contract price.

Counsel for the defendants seems to rely on the case of *Forman* v. *Kelly et al.,* 104 W. Va. 211, 139 S. E. 708, decided in 1927, under a statute not materially different from that being here considered. This Court held that:

"The failure to incorporate in the notice the nature of the subcontract under which the labor and materials were furnished, or any facts from which it may be inferred, renders the notice inoperative to perfect and preserve the lien, because it is not a substantial compliance with this requirement of the statute."

In that case, in the body of the opinion, the Court said:

"* * * A substantial compliance is all that is necessary. *Harrison Construction Co.* v. *Greystone Hotel Co.,* 99 W. Va. 5, and cases cited. The form of the notice given in the statute above cited need not be followed, but in order to make it sufficient, the effect must be the same. Among the necessary parts of the notice is the requirement that the nature of the subcontract be described. The notice given by Forman to Kelly says that he 'was and is subcontractor with Glenn Sheets, who was and is general contractor, for the furnishing of material and doing of the work and labor necessary to the completion of that certain building', describing the building and where situate. There is nothing in this language from which the nature of the subcontract can be inferred. The bill tells that the subcontract was for plastering at 75c per yard, and if we could take the averments of the bill in support of the notice, there would be little difficulty in arriving at the nature of the subcontract. But we must look to the notice without aid of the bill, and the most liberal construction which can be given to the notice will not aid in arriving at the nature of the subcontract. It would serve no useful end to stop to inquire the purpose of the legislature in requiring the subcontractor to state in the notice to the owner the nature of the subcontract. * * * "

As we study *Forman* v. *Kelly,* we think the question presented in that case was entirely different from that

now before us. The notice served in the case at bar certainly did not go into detail as to the nature of the work covered by the contract between the plaintiff and Morton, the general contractor, but it did notify the owner, Martin, that that contract was for plumbing and heating, in the building being erected, which limited and described the character of work, and which certainly gave notice to the owner of the nature of the work which the plaintiff had contracted to do.

In our opinion, the trial court erred in sustaining the demurrer on the first ground assigned in the demurrer, and correctly overruled the demurrer on the other grounds assigned. We, therefore, reverse the decree of the Circuit Court of Fayette County, entered on July 7, 1950, which sustained the demurrer of James A. Martin and Lydia Martin to the bill of complaint on the first ground assigned in their demurrer; and affirm the action of said court in overruling the demurrer on the other grounds assigned. The cause will be remanded to said circuit court for further proceedings in respect to the matters set up in the answer of the Martins. Costs will be awarded to the appellant as the party substantially prevailing in this Court.

*Affirmed in part;*
*reversed in part;*
*cause remanded.*