112 S.E.2d 457 (1960)
GRAY LUMBER COMPANY, INC., a Corporation,
v.
Robert N. DEVORE and Margaret Devore et al.
No. CC850.
Supreme Court of Appeals of West Virginia.
Submitted January 26, 1960.
Decided February 16, 1960.
*458 Ashworth & Ashworth, Beckley, for plaintiff.
William V. McNemar, Jr., Pineville, for defendants.
BERRY, Judge.
This is a certified case from the Circuit Court of Wyoming County. It involves the sufficiency of a notice of a mechanic's lien. The suit was instituted by the Gray Lumber Company, Inc., a corporation, against Robert K. Devore and Margaret Devore, his wife; William K. Ward; E. H. Downs and William V. McNemar, Jr., Trustees in a deed of trust in favor of the McDowell County National Bank, a corporation; and the McDowell County National Bank, a corporation. The defendant, Ward, did not appear or plead, and it is not necessary to consider him in the disposition of this case. An answer was filed by the Bank and Trustees, which is not before this Court for action thereon, but which in effect says the same thing as the demurrer filed by the Devores which will be hereinafter discussed.
The plaintiff, Gray Lumber Company, furnished certain materials to William K. Ward, contractor for the defendants, Robert N. Devore and Margaret Devore, to be used in the construction of a residence for them in the town of Oceana, Wyoming County, West Virginia. Within sixty days from the time the last material was furnished to the contractor, a notice of mechanic's lien was served on the defendants, Robert N. Devore and Margaret Devore, his wife, to secure the payment of $5,028.90, and within ninety days from the date the last material was furnished, a copy of said notice of mechanic's lien was recorded in the office of the clerk of the county court of Wyoming County. The notice of the mechanic's lien stated that materials had been furnished to the property owners' contractor, described the property in question, indicated the total amount of the claim for the materials still due and owing, and that a lien was claimed upon the property owners' interest in said property. There was no itemization of the account with regard to the material furnished, but a statement was contained in the notice that the materials were of the nature and were furnished on the dates and in the quantity and at the prices as shown on an account attached to the notice. The account attached to the notice is a copy of a ledger sheet taken from the plaintiff's ledger, showing the name of the contractor, William K. Ward, Glen Morgan, W. Va., a caption "RatingDr. Devore" and at the bottom of the sheet the names Robert N. Devore, wife, Margaret Devore. It merely shows dates, folio numbers, charges, small payments, and the balance. The nature and quantity of the materials furnished is not listed or shown. The notice was verified in accordance with the statute.
The plaintiff's bill of complaint, which was timely filed, attached said notice to the bill, marked Exhibit C, and made it a part of the bill. Also filed with the bill and marked Exhibit A, were all of the invoices for the material which described the nature of the material, the dates and the quantity and prices for each item of material furnished. These invoices, or a copy of same, were not served on the Devores with the notice of mechanic's lien, nor were they itemized in the notice, as required by statute, Code, 38-2-11. *459 The only itemization served with the notice was a copy of the ledger sheet referred to hereinbefore.
The defendants, Robert N. Devore and Margaret Devore, his wife, filed a demurrer to the bill claiming that it was not sufficient in law, in that it did not establish a cause of action against them because of the fact that Exhibit C, attached to the bill and made a part thereof, which was the notice of mechanic's lien served on them, did not contain an itemized account of the materials furnished to the contractor for them, as required by statute.
The Circuit Court sustained the defendants' demurrer and upon joint application of the parties certified its ruling to this Court, under the provisions of Code, 58-5-2.
Three questions were certified by the Circuit Court to this Court for determination; namely, (1) Is the notice of mechanic's lien, with a copy of a ledger sheet thereto attached and served upon the defendants, Robert N. Devore and Margaret Devore, a sufficient itemization of the account so as to comply with the requirements of Code, 38-2-11? (2) Is the notice of mechanic's lien, with a copy of the ledger sheet attached thereto, recorded in the office of the County Clerk of Wyoming County, a sufficient compliance with the statute? (3) Is the bill of complaint sufficient in law?
The answer to all three questions is found when it is ascertained whether or not the notice of mechanic's lien, served on the Devores, the property owners, complies with the requirement of the statute in such cases, because the statute applicable to the questions involved in this case provides for both notice and recordation. This is true because if the notice served on the Devores is sufficient, the recordation, not being as technical as the notice to the owners, is sufficient and the bill of complaint would be sufficient in law. In answering this question, we must first look to the statute in order to determine if it has been complied with.
The statute in question, Code, 38-2-11, provides that in order to perfect and preserve a lien, the materialman who furnishes material to a contractor in a case such as the one at bar, shall, within sixty days after he shall have ceased to furnish such materials, give to the owner, or his authorized agent, by any of the methods provided by law for the service of legal notice or summons, a notice of such lien, which notice shall be sufficient if in the form prescribed by said statute. The statute requires that the notice served on the owner set out that the materialman furnished materials to the contractor on behalf of the owner for use in the construction of the buildings or other structures on the land to be charged; that the structures must be adequately described in the notice; that the materials were of the nature and were furnished on the dates and in the quantities and at the prices as shown in an itemized account inserted in said notice; that the materialman has not been paid the sum claimed and that it is still due and owing, and that he claims a lien upon the interest of the owner of the land and upon the buildings or other structures and improvements thereon to secure the payment of the said sum. The same statute further provides that such liens shall be discharged and avoided, unless, within ninety days after such materialman shall have ceased to furnish such materials he shall cause to be recorded in the office of the clerk of the county court of the county wherein such property is situate a notice of such lien, which shall be sufficient if in form and effect as that provided by Code, 38-2-8, which only requires that the total sum claimed and a description of the property upon which the lien is claimed be set out. No itemized account giving the dates, quantity and prices of the material furnished is required in the notice to be recorded in the office of the clerk of the county court of the county wherein such property is located, *460 and the statute which controls and governs the instant case, Code, 38-2-11, specifically states that the recorded notice need not include such itemized account. However, as heretofore stated, it specifically requires such itemized account to be contained in the notice of mechanic's lien served on the property owner. Only a substantial compliance with the statute is required. Harrison Construction Co. v. Greystone Hotel Co., 99 W.Va. 5, 127 S.E. 641. The form of the notice need not be followed precisely but the substance of the notice provided by such statute must be contained in such notice and the effect must be the same. Forman v. Kelly, 104 W.Va. 211, 139 S.E. 708.
In the case at bar, the form of notice does not follow the statutory form, but would be sufficient as to form if it had contained in some manner the statutory requirements. The notice served on the defendants did not contain the essential statutory requirements. It did not advise the property owners as to the dates, quantity and prices of the materials furnished. Without this information, the property owners would have no way of ascertaining whether such materials furnished to the contractor were used in the building of the structures on their land. This is only true, of course, where materials are furnished to a contractor for the property owner. If the materials are furnished directly to the property owner, no such itemized account, showing the dates, quantity and prices, is required, because the property owner would have direct notice himself as to the materials furnished and used in the construction of his building and there is no need to even serve any notice of mechanic's lien on a property owner in such case. The only requirement of the statute in such case, in order for a materialman to perfect a lien on the property, is that he shall cause to be recorded in the office of the clerk of the county court of the county wherein such property is located, within ninety days from the date when he shall have ceased to furnish such materials, a notice of such lien showing the sum claimed, with a description of the property, as provided in Code, 38-2-8.
If the invoices showing the nature and quantity of the materials furnished, which were marked Exhibit A and attached to the bill, had been attached to the notice served on the defendants, there would be no question about the sufficiency of the notice. These invoices contained all the information required by the statute to be placed in the notice to be served on the property owners in order to properly advise them with regard to the materials furnished. However, it does not suffice to furnish such notice by making the invoices a part of the bill of complaint. See Forman v. Kelly, 104 W.Va. 211, 139 S.E. 708.
The authorities cited by the plaintiff to support its contention that a proper notice was served on the defendants or that substantial compliance with the statute was had are not in point. They deal with cases involving subcontractors or where materials are furnished direct to the property owners and are governed by different statutes and requirements.
It was held in the case of Mayes v. Ruffners, 8 W.Va. 384, 385, that "A mechanic's lien is of statutory creation, and can be maintained only by a substantial observance of and compliance with the requirements of the statute." This principle dealing with mechanic's lien is still adhered to in this state.
The case of Niswander & Co. v. Black, 50 W.Va. 188, 40 S.E. 431, decided in 1901, specifically answers the questions involved in this case. It holds that a notice of mechanic's lien served on a property owner for material furnished by a materialman to a contractor for use in the building of a house for the property owner must be itemized with regard to the materials furnished. The present statute dealing with this matter is stricter than it was at the time the Niswander case was *461 decided. This principle dealing with mechanic's liens is followed in the case of Fireproof Products Co. v. Logan, 113 W. Va. 703, 169 S.E. 400, wherein it was held that a materialman's notice of lien to the owner of premises upon which a structure is erected for materials furnished to a general contractor is fatally defective when it fails to include an itemized account of materials furnished.
It was held in the case of Mertens v. Cassini Mosaic & Tile Co., 53 W.Va. 192, 203, 44 S.E. 241, 246, that "The object of the notice is to impart information to the owner of the amount and character of the claim intended to be fixed as a lien upon the property, so that he may protect himself in his future dealings with the contractor." There is nothing contained in the dates and amounts in the ledger sheet attached to the notice of mechanic's lien served on the defendants, made a part of the bill of complaint in this case and marked Exhibit C, to indicate any information to the defendants as to the nature, quantity, amount or character of the materials furnished, and without this knowledge the property owners or defendants would have no way of ascertaining whether the materials, or any part thereof, were used in the construction of the structure on their property. The very purpose of the requirements of the statute has not been complied with, and we are therefore of the opinion that the notice of mechanic's lien served on the defendants in this case was not sufficient, the bill of complaint having made this notice a part of it and the defendants having demurred to the bill on the ground that it was not sufficient in law, because the notice of mechanic's lien served on them did not meet the requirements of the statute made and provided for such notice in order to perfect a valid lien.
We therefore answer the three questions certified as follows: That the notice of mechanic's lien served on the property owners is not sufficient in order to comply with the requirements of Code, 38-2-11; that the notice of mechanic's lien, with or without a copy of the ledger sheet attached, which was recorded in the office of the Clerk of the County Court of Wyoming County, is sufficient; and that the bill of complaint, filed on behalf of the plaintiff, is not sufficient in law.
For these reasons, the ruling of the Circuit Court of Wyoming County, in sustaining the demurrer to the bill of complaint, is affirmed.
Ruling affirmed.