907 F.2d 1139
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PANALPINA, INC., a corporation; Panalpina Transportes
Mundiales, S.A./ Barcelona, Plaintiffs-Appellants,
v.
E.I. duPONT de NEMOURS AND COMPANY, Defendant-Appellee,
and
Adaibra, a Spanish company and/or corporation, Defendant.
 No. 89-1539.
 United States Court of Appeals, Fourth Circuit.
 Argued April 6, 1990.
Decided June 1, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden, II, Chief District Judge. (CA-88-1525-A)
 Patrick E. McFarland, Redmond, McFarland & Hague, Parkersburg, W.Va., (Argued), for appellants; Joseph W. McFarland, Redmond, McFarland & Hague, Parkersburg, W.Va., on brief.
 John Snodgrass Bailey, Jr., Davis, Bailey, Pfalzgraf & Hall, Parkersburg, W.Va., (Argued), for appellee. Sara R. Simon, Davis, Bailey, Pfalzgraf & Hall, Parkersburg, W.Va., on brief.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER and SPROUSE, Circuit Judges, and REBECCA BEACH SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Panalpina, Inc. and Panalpina Transportes Mundiales, S.A./Barcelona appeal the judgment of the district court granting a Fed.R.Civ.P. 12(c) judgment on the pleadings to the defendant E.I. duPont de Nemours & Co. ("DuPont"). We affirm.
 
 
 2
 Panalpina originally brought this action against DuPont in a West Virginia state court under the state mechanics' lien statutes. It was removed to the United States District Court on the basis of diversity jurisdiction. The district court, in ruling that Panalpina did not comply with the requirements of the West Virginia mechanics' lien provisions under West Virginia Code Chapter 38, Article 2, held that Panalpina did not perfect a lien under any provisions of that chapter. We agree.
 
 
 3
 According to the allegations in Panalpina's complaint, which we accept for the purpose of reviewing a judgment on the pleading, Panalpina delivered and erected construction materials for a formaldehyde plant in DuPont's Wood County, West Virginia plant. The work was performed for Adaibra, a Spanish corporation, the general contractor.*
 
 
 4
 In filing its lien, Panalpina gave DuPont the following "Notice of Mechanic's Lien":
 
 
 5
 Notice is hereby given, in accordance with the laws of the State of West Virginia, that the undersigned claims a lien to secure the payment of Nine Hundred Seven Thousand Two Hundred Eighty-Nine and 90/100 ($907,289.90) Dollars, which amount represents the amount due for work performed on your formaldehyde plant located in Washington, West Virginia, upon your interest in the land.... The undersigned states that they supplied services and materials to your job site in Washington, West Virginia, for Adaibra, a Spanish company and/or corporation, for which they have never been paid.
 
 
 6
 Chapter 38, Article 2, Section 2 of the West Virginia Code authorizes a lien by a subcontractor for labor and materials. Section 9 states that in order to perfect the lien, a subcontractor must give to the owner a notice of lien which describes the nature of the subcontract; defines the property with specificity; and states the contract price and value of work and materials, how much the subcontractor has been paid, and the amount due. W.Va. Code Sec. 38-2-9. A claim for a lien for materials alone requires even greater specificity. W.Va.Code Sec. 38-2-11; Gray Lumber Co. v. Devore, 145 W.Va. 91, 112 S.E.2d 457 (1960).
 
 
 7
 The statute provides that the lien shall be discharged unless the required notice is served within sixty days after the completion of the subcontract and filed in the office of the clerk of the county commission within ninety days. W.Va.Code Sec. 38-2-9. Section 14 provides, in part:
 
 
 8
 The failure of any person claiming a lien under this article to give such notice as is required by section [ ] nine ... of this article, or to record such notice ... in the manner and within the time specified in such sections, or the failure of any such claimant of any such lien to comply substantially with all of the requirements of this article for the perfecting and preservation of such lien, ... [shall] operate as a complete discharge of such owner and of such property from all liens....
 
 
 9
 W.Va.Code Sec. 38-2-14.
 
 
 10
 Under no sensible interpretation of the notice provided can it be said that Panalpina has complied with the specificity of West Virginia's notice requirements under the statute. Panalpina claims for the first time on appeal that it is entitled, nevertheless, to a lien under Sec. 38-2-31, "Lien against corporation for work or labor," and Sec. 38-2-32, "Perfecting lien for work or labor against corporation." Even a casual reading of those sections, however, shows that they do not authorize a lien to protect a subcontractor's claim for both labor and materials. In any event, issues not raised and properly preserved below may not be noticed on appeal, absent exceptional circumstances. United States v. One 1971 Mercedes Benz 2-Door Coupe, Serial No. 11304412023280, 542 F.2d 912 (4th Cir.1976).
 
 
 11
 In view of the above, the judgment of the district court is affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Panalpina's action against Adaibra was dismissed because Panalpina's contract with the Spanish company contained a choice of forum provision which required disputes under the contract to be litigated in Spain